CATHERINA, The (NORDLINGER v.). See Case No. 10,295.

CATHERINA MARIA, The (WEEKS v.). See Case No. 17,351.

CATHERINE, The. See Case No. 692.

CATHERINE, The (UNITED STATES v.). See Cases Nos. 14,756a and 14,757.

---

## Case No. 2,513.

CATHERWOOD et al. v. GAPETE et al.

[2 Curt. 94.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1854.

STATE LAWS ABOLISHING IMPRISONMENT FOR DEBT —PROCESS OF FEDERAL COURTS.

1. The insolvent law of Massachusetts, which prohibits imprisonment in certain cases, is not a law abolishing imprisonment for debt, nor a law allowing it under certain restrictions and conditions, within the meaning of the act of February 28, 1839 (5 Stat. 321), and does not affect process out of the courts of the United States.

[Cited in Hanson v. Fowle, Case No. 6,041; U. S. v. Tetlow, Id. 16,456; Low v. Durfee, 5 Fed. 257, 258; Mallory Manuf'g Co. v. Fox, 20 Fed. 410.]

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

2. No state laws can, proprio vigore. affect the process of the courts of the United States.

[Cited in Rusch v. Des Moines Co., Case No. 12,142.]

3. The third section of the process act of May 19, 1828 (4 Stat. 281), applies only to state laws then existing.

[Cited in Low v. Durfee, 5 Fed. 257, 258.]

[At law. Assumpsit by Hugh Catherwood and others against Loton Gapete and others.]

Fiske, for the petition.

English, contra.

CURTIS, Circuit Justice. This is an action of assumpsit founded on two promissory notes, drawn by the defendants who are citizens of Massachusetts, payable to their own order, and indorsed by them to the plaintiffs, who are citizens of Pennsylvania. The defendants having been defaulted have filed a petition in writing, setting forth that they have been discharged under the insolvent laws of Massachusetts, and praying that any execution which may be issued on the judgment, may be so framed as not to run against the bodies of the defendants. It is admitted by the plaintiffs that the defendants have received a discharge under the insolvent laws of the state, but they deny that it protects the defendants from final process against their persons, issuing out of this court. In support of their petition the defendants rely on the act of February 28, 1839, (5 Stat. 321,) which is as follows: "That no person shall be imprisoned for debt in any State, on process issuing out of a court of the United States, where, by the laws of such state, imprisonment for debt has been abolished; and where, by the law of a state, imprisonment for debt shall be allowed under certain conditions and restrictions, the same conditions and restrictions shall be applicable to the process issuing out of the courts of the United States, and the same proceedings shall be had therein as are adopted in the courts of such state."

The first part of this act, which relates to states where imprisonment for debt has been abolished, has no application here, for it has not been abolished in Massachusetts. The question is, whether the seventh section of the insolvent law of Massachusetts (Stat. 1838, c. 183), is a law allowing imprisonment for debt under certain conditions and restrictions, within the meaning of this act of congress. That section provides, that a discharge granted to a debtor shall release him from certain contracts therein mentioned, and shall exempt him from imprisonment on any process, on account of any debt which might have been proved against his estate. The object of the act is, not to allow imprisonment for debt under certain conditions and restrictions, but to prohibit it in certain cases. It does not come therefore within the terms employed by congress, to describe the state laws intended to be referred to. Laws of prohibition of imprisonment are embraced under the first clause of the act of congress; but to come under it, those state laws must entirely abolish imprisonment for debt. If they permit it to take place in some cases and prohibit it in others, they do not abolish it, and the first clause of the act of congress does not apply. On the other hand the second clause assumes that it is still allowed, but conditions and restrictions imposed on its exercise, such as requiring an affidavit before an arrest, and restricting the duration of the imprisonment. And the purpose of congress was. to ingraft such restrictions and conditions upon the process of the courts of the United States. But in a case where the state law prohibits imprisonment, it is plain the courts of the United States cannot find in that state law, any conditions or restrictions which they can impose on the exercise of the right. If they obey the state law, they must refuse altogether to allow process of imprisonment, not restrict it, or impose conditions on it.

It is true the state of Massachusetts has power to abolish imprisonment for debt altogether, or in certain cases, and that such laws do not impair the obligation of the contract. But it is also true, that such laws of the state cannot, proprio vigore. affect the process of the courts of the United States. Beers v. Houghton, 9 Pet. [34 U. S.] 359.

It is necessary to find some act of congress, or some rule of this court, or the supreme court, adopted under the authority of an act of congress, adopting and giving efficacy to such state law. The process act of May 19, 1828 (4 Stat. 281, § 3). assimilates the process of the courts of the United States to the proceedings then used in the courts of the several states. But it was only state laws then existing, which were adopted, and the insolvent law of Massachusetts was enacted after 1828. There has been no rule of this court altering its final process to conform to the provisions of the insolvent law of the state, nor any such rule of the supreme court, applicable to final process in actions at law. It is necessary, therefore, to fall back on the act of congress of February 28, 1839; and as that, in my opinion, does not reach the case, the petition must be denied and the execution issue in the usual form.