MOON (NELSON v.). See Case No. 10,111.

MOON (PIPER v.). See Case No. 11,182.

MOONACHIE, The. See Case No. 4,091.

## Case No. 9,748.

In re MOONEY et al.

[14 Blatchf. 204;[1] 15 N. B. R. 456.]

Circuit Court, S. D. New York. April 20, 1877.

BANKRUPTCY—REVIEW OF ORDER OF DISTRICT COURT—OF WHAT MUST SATISFY COURT.

1. The district court, on the petition of the assignee of a bankrupt, praying that the bank-

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

rupt might be ordered to pay over certain moneys alleged to be in his hands, and might be punished for contempt if he did not obey such order, took proofs on the question. The bankrupt testified that the money was, all of it, expended before the petition for an adjudication of bankruptcy was filed, and gave an account of the way in which it was expended. The district court made an order denying the prayer of the petition. On review: *Held*, that the application to this court, on review, to reverse said order, must be denied.

2. The petitioner for review must satisfy this court that a wrong decision was arrived at by the district court, if such decision was one on a question of fact.

3. In this case he must satisfy this court that a reasonable man would not be able to give credit to the relation given by the bankrupt, but would be satisfied of its substantial untruth.

4. The district court having decided that it did not satisfactorily appear that the bankrupt had not made a full disclosure, this court will sustain such decision, unless satisfied that the district court ought clearly to have decided the other way.

[In review of the action of the district court of the United States for the Southern district of New York.]

In bankruptcy.

Alexander Blumenstiel, for assignee.
Richard S. Newcombe, for bankrupts.

JOHNSON, Circuit Judge. This is a petition by the assignee of the bankrupts to review and reverse an order of the district court, made November 25th, 1876, denying the prayer of the petition of the same petitioner, presented to the district court on the 8th of December, 1875. This petition asked that the bankrupts might be ordered to pay over certain moneys alleged to be in their hands, and might be attached and punished for contempt, if they did not obey such order. An order was made upon this petition, to which the bankrupts had filed an answer, referring it to one of the registers to take proofs upon the issues raised by the answer of the bankrupts, in respect to the moneys alleged to be in their hands. Upon this order voluminous proofs were taken, and reported to the district court. Upon those proofs the parties were heard, and, on the 10th of June, 1876, an order was made, reciting that the bankrupts had received, between the 1st of January, 1874, and the 16th of July, 1874, the day of their failure, from the assets of their firm, Joseph Mooney, $7,147 05, and Isaac Mooney, $8,421, that neither of them had accounted for such sum received by him, and requiring each of them to show, on oath, what he did with the money, and fully account for the same; and it was referred to the same register to take the proofs and report the testimony, with his opinion. A voluminous examination was reported by the register, with his opinion, that each of the bankrupts had in his hands, at the time of the filing of the creditors' petition for the adjudication of bankruptcy, the sum of $3.300, and advising their commitment as for contempt, in not paying the same to the assignee. Upon the presen-

tation of this report to the district court, the order was made which is now under review.

I have carefully examined this mass of testimony, and I do not see any ground for fixing any particular sum of money as being unaccounted for by the bankrupts. According to their testimony it was all expended before the filing of the petition against them. The account which they have given of the way in which the money was spent was undoubtedly subject to criticism, and was not calculated fully to satisfy the judgment, but did leave suspicions behind it as to its entire truthfulness. It has, however, been passed upon by the district judge, who has not felt himself able to pronounce that the bankrupts have not complied with the order of the court, by making all the disclosure which is in their power. It certainly may be true, that they have told all they are able to tell; and it is not claimed that any further examination is likely to yield any further results. The bankrupts have answered all the questions put to them. If their answers are true, they have obeyed the order of the court. The district court has not felt it to be its judicial duty to declare them untrue, and to proceed to punish the bankrupts on that basis. In reviewing a decision of the district court, on a question of fact, and, especially, upon one of this nature, it is for the petitioner to satisfy the court that a wrong decision has been arrived at. Coggeshall v. Potter [Case No. 2,955]. The proposition to be made out must be, that a reasonable man would not be able to give credit to the relation given by the bankrupts, but would be satisfied of its substantial untruth. It would require a very clear case to make that out, in the face of a decision of the district judge sustaining the bankrupts' story, or, putting it at the lowest, not discrediting their story, so as to feel it right to act judicially on the basis of its wilful falsity. As the question is stated by Judge Drummond in Re Salkey [Id. 12,254],—did it or did it not satisfactorily appear, that the bankrupts had not made a full disclosure?— and to this question the district court has answered in the negative. With this decision it seems to me my duty to concur, unless I am satisfied that the district judge ought clearly to have decided the other way. The case of In re Salkey [Cases Nos. 12,253 and 12,254] was much stronger than this before the court. The district judge, in that case, held the bankrupts not to have made a full disclosure and committed them. Eight months before their failure, they had bought goods to the amount of $35,000, had not paid for them, and had left only $6,000 worth, at their own valuation. They gave no account whatever, as to what had become of them. Yet, Judge Drummond, when the bankrupts were brought before him on habeas corpus, thought it proper, while holding that the power of the district court was complete, and that there was no relief to be given on habeas corpus, to send the parties back before the

register who had charge of the case, in order that, upon their further examination, he might report whether the bankrupts had made a full disclosure of what they knew. The English cases which were cited (In re Bradbury, 14 C. B. 15; Ex parte Nowlan, 6 Term R. 118; Rex v. Perrot, 2 Burrows, 1122, 1215; and Ex parte Lord, 16 Mees. & W. 462) are founded upon statutes conferring expressly the power upon the commissioners, if, in their opinion, the examination of the bankrupt is unsatisfactory, to commit him. I do not think our statute is as broad as the English statutes, and, therefore, the decisions founded upon them are not entirely safe guides as to the powers to be exercised under our statute. The application to this court. upon review, to reverse the order of the district court in this matter, made and entered November 25th, 1876, is, therefore, denied, and the clerk will certify this order to the district court.