## MALLORY MANUF'G Co. *v.* Fox and others.

(*Circuit Court, S. D. New York.* May 30, 1884.)

1. EQUITY RULE No. 82—NOT TO BE INVOKED TO COLLECT DISBURSEMENTS TAXABLE AS COSTS.

    The eighty-second equity rule cannot be invoked by a party to enable him to collect of the opposite party disbursements which can be taxed as part of the costs in a final decree.

2. CONTEMPT—PUNISHMENT—IMPRISONMENT FOR NON-PAYMENT OF MONEY JUDGMENT—POWERS OF UNITED STATES COURTS—CONTROLLED BY STATE COURTS.

    The power of United States courts to punish for contempt and imprison for non payment of money judgments is circumscribed and controlled by state laws.

3. SAME—NON-PAYMENT OF MONEY—EXECUTION—ORDER OF COURT IN NATURE OF JUDGMENT—WHEN NOT ENFORCED ON THEORY THAT DISOBEDIENCE IS A CONTEMPT.

    In a state where proceedings for contempt for the non-payment of money ordered by the court to be paid cannot be had when the payment can be enforced by execution, and imprisonment for non-payment of costs is abolished, when an order of the court is in the nature of a judgment or decree for the payment of money, it cannot be enforced on the theory that disobedience is a contempt.

In Equity.

*Eugene Treadwell,* for complainant.

*Wyllys Hodges,* for defendants.

WALLACE, J. The complainant moves for an order fixing the master's compensation for his services upon an accounting under an interlocutory decree, and directing the same to be paid by the defendants. The bill of the master, as certified by him, is not deemed unreasonable by either party, but the contention is as to what portion of it should be borne by each. The eighty-second equity rule contemplates that the court shall charge the master's compensation upon such of the parties as the circumstances of the case render proper, but that rule is for the benefit of the master, and is to be enforced upon his application and for his protection. It cannot be invoked by a party to enable him to collect of the opposite party disbursements which he may have incurred, and which can be taxed as part of the costs in the final decree. By the laws of this state proceedings can-

not be had as for a contempt for the non-payment of money ordered by the court to be paid when the payment can be enforced by execution, and imprisonment for non-payment of costs is abolished. The power of the courts of the United States to punish for contempt and imprison for non-payment of money judgments is circumscribed and controlled by the laws of the state; and where an order made in the progress of the cause is of the character in substance of a judgment or decree for the payment of money, it cannot be enforced upon the theory that disobedience is a. contempt. Rev. St. §§ 725, 990; *In re Atlantic Mutual Ins. Co.* 17 N. B. R. 368; *The Blanche Page,* 16 Blatchf. 1; *Catherwood* v. *Gapete,* 2 Curt. 94; *U. S.* v. *Tetlow,* 2 Low. 159; *Low* v. *Durfee* 5 FED. REP. 256.

The motion is denied.