## In re McCORMICK.

### (District Court, S. D. New York.   November 17, 1899.)

1. BANKRUPTCY—JURISDICTION—REQUIRING SURRENDER OF PROPERTY BY BANKRUPT.

A court of bankruptcy has authority to order the bankrupt to pay over to the trustee money in his hands which belongs to his estate in bankruptcy, and to enforce his obedience by commitment as for contempt; but this power should be cautiously exercised, and only in cases where the bankrupt's present possession of the money, and his retention of it in willful disobedience of the order, are proved beyond a reasonable doubt.

2. SAME—PRACTICE—EXAMINATION—COMMITMENT.

Where a bankrupt, having been ordered by the referee to pay over to his trustee a sum of money alleged to be in his possession and to belong to his estate in bankruptcy, denies his present possession of the money, and attempts to explain its loss by a story which, though difficult to believe, is not impossible, nor an obvious fabrication, he may be ordered before the judge for further examination as to whether or not he has made a full disclosure of the facts; and if satisfied that his story is false, the court will order commitment.

In Bankruptcy.

George W. Wingate, for trustee.
Eugene Sweeney, for bankrupt.

BROWN, District Judge.   Application has been made to this court under section 2, subds. 13, 16, to punish the bankrupt for not complying with two orders of the referee made on the examination of the bankrupt before him in regard to his property, and directing the bankrupt to pay the sums of $1,500 and $450 respectively to the trustee.

There can be no doubt of the authority of the court to enforce obedience to all "lawful orders" and to punish contempts by virtue of the provisions above referred to.   As such punishment may involve imprisonment, however, this power should be cautiously exercised, and in cases only where willful disobedience by the bankrupt is proved beyond reasonable doubt, as in a criminal case.

As respects the sum of $450, which the referee ordered the bankrupt to pay the trustee, I do not think the evidence is sufficiently clear to warrant an enforcement of the order by commitment. The bankrupt testifies that he gave that money to his clerk for renewing his stock in trade while he was sick at home.   His business would apparently require a renewal of stock; the money was drawn from his bank about three weeks before the business was sold out; and his testimony on this point is not disproved, nor is it in itself so improbable as to authorize its rejection as a fabrication.   In re Mooney, 15 N. B. R. 456, Fed. Cas. No. 9,748.

As respects the sum of $1,500 ordered to be paid to the trustee, the explanation given by the bankrupt that he carried that money in his trousers pocket for some two or three weeks until he lost it by having his pocket picked upon an Eighth avenue car, after a visit to Coney Island, though quite possible in itself, is accompanied by such improbable circumstances stated by him as occurring before and after, that it is difficult to be credited.   I think it bet

ter to pursue the course indicated by Judge Drummond (In re Salkey, 11 N. B. R. 516, 521, Fed. Cas. No. 12,254) to direct the bankrupt to be brought before me for further examination as to whether or not he has made a full disclosure of the facts.

An order to that effect may be entered and the further consideration of this application is reserved.

(November 29, 1899.)

The account of the $1,500 given by the bankrupt not being a credible one, as given before the referee, I have spent nearly a day in a personal examination of him in court; his statements increase the previous contradictions, and his explanations are hardly better than might be expected of a lunatic, or an imbecile, or of a man without memory. My examination was largely directed to testing him in these regards; and I find he is not suffering any mental disability, and his memory is sufficiently precise and exact in whatever he seems interested in explaining. My conclusion is that his story is a fabrication, and that he conceals the $1,500 and should be committed until payment.