In re SCHLESINGER.

(Circuit Court of Appeals, Second Circuit. May 28, 1900.)

No. 135.

1. BANKRUPTCY—REQUIRING BANKRUPT TO SURRENDER PROPERTY—CONTEMPT.
   A court of bankruptcy has power and jurisdiction to make an order, after due hearing of the parties, requiring the bankrupt to pay or deliver to his trustee in bankruptcy a sum of money found to be in his possession or control, and constituting assets of his estate in bankruptcy, and which he has not surrendered or accounted for, and to enforce his obedience to such order by commitment as for contempt.

2. SAME—IMPRISONMENT FOR DEBT.
   Such an order is not a judgment or order for the payment of a debt, and commitment of the party to compel his obedience thereto is not imprisonment for debt, within the meaning of Rev. St. § 990, providing that no person shall be imprisoned for debt on process issuing from a court of the United States in any state where, by the local law, imprisonment for debt has been or shall be abolished.

(Syllabus by the Court.)

On Petition to Review an Order of the District Court of the United States for the Southern District of New York, in Bankruptcy.

Samuel Strasbourger, for petitioner.
H. C. Messimer, opposed.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. Samuel Schlesinger was, upon his voluntary petition, adjudged a bankrupt on April 20, 1899, by the district court for the Southern district of New York, and on May 9, 1899, Benjamin Barker was appointed his trustee in bankruptcy, who thereafter brought a petition before said court alleging that the bankrupt had in his possession, or under his control, sums of money belonging to his estate amounting to $12,682.91, and praying for an order directing him to pay these assets to the trustee. The referee, upon reference, was of opinion that he could not find that any particular sum was in the hands or the control of the bankrupt, except the sum of $25.50, which was set forth in the schedules as being in his hands, which was ordered to be paid to the trustee. This order was obeyed. Upon motion to the district court for an order reversing the order of the referee, and directing the bankrupt to pay the sum of $12,682.91, the court found that the testimony satisfied him that upwards of $10,000 had been concealed by the bankrupt, and was in his possession or control; but, to be entirely within the limits of any possible doubt, the district judge fixed the amount required to be paid over at $6,500,—an amount extending back but a few weeks prior to the petition in bankruptcy,—and ordered the payment of that sum forthwith to the trustee, in default of which the bankrupt should be in contempt of court. 97 Fed. 930. The validity of this order is the subject of this petition for review. The bankrupt failed to comply with the order, and pending this petition the district court has suspended action under proceedings for contempt.

The power of a district court to punish a bankrupt for contempt of court, as manifested by his refusal to obey an order of court, made after due hearing of the parties, directing him to deliver or to pay the assets of the bankrupt estate to the trustee in bankruptcy, is the matter in controversy. If we had power to review the correctness of the finding that the testimony was such as to satisfy one beyond a reasonable doubt that the money was in the possession or under the control of the bankrupt, and mindful of the importance of observing caution in the investigation, we should have no hesitation in affirming the finding of fact. It is not denied that clause 13 of section 2 of the bankrupt act authorizes the court of bankruptcy to "enforce obedience by bankrupts, officers and other persons to all lawful orders, by fine or imprisonment, or fine and imprisonment," and that disobedience of a lawful order of a referee is punishable by the judge as for a contempt committed before the court of bankruptcy; but it is contended that disobedience of an order to the bankrupt to pay or deliver a sum of money in his possession to his trustee cannot be punished by proceedings in contempt, because the order is for the payment of a debt, and imprisonment for debt has been abolished in the state of New York, and by section 990 of the Revised Statutes no person can be imprisoned for debt by process issuing from the courts of the United States in a state where by its laws imprisonment for debt has been abolished. The Blanche

Page, 16 Blatchf. 1, Fed. Cas. No. 1,524; Manufacturing Co. v. Fox (C. C.) 20 Fed. 409. The answer to this objection is that the order was not for the payment of a debt, but for the delivery by the bankrupt of the assets of his estate to his trustee in bankruptcy. He was not indebted to the trustee. The money was a part of his assets and estate, which had, by operation of law, become vested in the trustee; and, while the order in this class of cases is for the delivery of the bankrupt's property to the trustee, it is in no proper sense a judgment or decree for the payment of a debt. If the enforcement of an order for the delivery to the trustee in bankruptcy of the assets of an estate which had been converted into money could not be had except by an execution, the power of a bankruptcy court would be minimized, and the assets of estates in bankruptcy would be subject to great reduction. To this class of cases section 990 has no application. The decision of the majority of the circuit court of appeals of the Fifth circuit sustains the power of the district court to commit for contempt in a like case. In re Purvine, 37 C. C. A. 446, 96 Fed. 192.

In the bankrupt act of 1867 the district courts, as courts of bankruptcy, had express authority "to compel obedience to all orders and decrees passed by them in bankruptcy, by process of contempt and other remedial process, to the same extent that circuit courts now have in any suit pending therein in equity." Rev. St. § 4975. The power to punish the bankrupt's contempt shown in disobedience to orders in regard to the delivery of money to his assignee in bankruptcy was fully sustained during the life of that statute. In re Salkey, 11 N. B. R. 423, Fed. Cas. No. 12,253. The petition to review is denied, and the order of the district court is affirmed.