## In re D. LEVY & CO.

(Circuit Court of Appeals, Second Circuit. November 22, 1905.)

### No. 26.

1. BANKRUPTCY—ORDER REQUIRING SURRENDER OF PROPERTY—SUFFICIENCY OF NOTICE.

The claim that no sufficient demand was made upon a bankrupt to deliver property or its proceeds to his trustee is without substantial merit, where the order for its delivery was served on the bankrupt and his counsel 30 days before an order adjudging him in contempt for its disobedience was entered.

2. SAME—SUFFICIENCY OF EVIDENCE—REVIEW ON APPEAL.

Where the books of a bankrupt firm showed a large amount of merchandise to have been received by the firm within a few months prior to the bankruptcy, which was unaccounted for, and the members of the firm were given an opportunity to appear before the referee and explain the discrepancy, but failed to appear and testify, an order of the referee requiring them to deliver such goods or their proceeds to the trustee, affirmed by the district court, will not be disturbed by the appellate court.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

S. F. Kneeland, for petitioner.

E. J. Myers, for respondent.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. Petition to review order adjudging bankrupt in contempt. The petitioner, David Levy, was adjudicated a bankrupt upon an involuntary petition against him and David Lachman, individually, and as members of the firm of D. Levy & Co. In the course of the proceedings an order was made by the referee that the petitioner pay over to the trustee the sum of $800. The correctness of the order as to this amount is not disputed. On the hearing before the referee, it appeared from the books of the bankrupts that between January 1 and October 12, 1903, the time of the filing of the petition, the bankrupts had purchased merchandise amounting to the sum of $88,953.52, and that their sales during said period amounted to $70,031.65. According to this account there should have been on hand at the time of the filing of the petition a balance in goods or cash of $18,921.87. At the time of taking possession the value of the goods on hand, as stated by the bankrupts, amounted to only $6,000, thus leaving goods of the value of $12,921.87 unaccounted for. The referee

declined to order this amount paid over to the trustee, on the ground that the evidence did not sufficiently establish that the goods or their proceeds were in the possession of the bankrupts at the time of filing the petition, and held that the showing on the books, at most, raised an inference that the property was in the hands of the bankrupts. On appeal from the order of the referee the District Court held as follows:

"The question is whether it is sufficient for the bankrupts to state that they have not the property. If they have not the property, they should tell what they did with it. If they cannot do this, the court would be justified in finding that they still had it. Their books, kept for the very purpose of showing what they have or have not, state that they have this balance. The record is their own. If it is not complete, let them complete it. Their own written books, to the effect that they have $12,921.87, is better than their generalization that they have none of it. If it were sufficient for a bankrupt to deny generally, in the face of his own books, the suppression of assets would be unimpeded. Another opportunity should be given the bankrupts to make the necessary explanation, and point out with some approximate accuracy the disposition of so large an amount of goods within so short a space of time."

The motion to compel the bankrupts to pay over said money was thereupon referred back to the referee, "to enable the bankrupts to account for and explain the deficiency of the sum of $12,921.87." On said hearing, counsel for the bankrupts made the following statement:

"I desire to state frankly that I do not know that I would be able to explain the books if my clients were here, but shall attempt to do so if I can get them; but I claim that there is not sufficient evidence furnished to warrant the referee in holding that any particular property, either in goods or cash, is now in the hands of these bankrupts, or either of them, and in their control."

The referee thereupon held that, as the bankrupts had failed to make any explanation of what they had done with the property if it were not still in their possession, the conclusion was inevitable that they had no explanation or account to give, and that said property was still in their hands, and he ordered them to deliver said property, or its value, to the trustee.

The petition herein seeks to review the order of the court approving said order of the referee. Its correctness is challenged on the ground that no proper demand was made upon the bankrupt prior to the making of the motion; that no proper service was made of the order to deliver or pay over said sum; that there is no adjudication that the bankrupts had property or cash in their hands of the value of $12,921.87; and that the evidence does not justify a finding to that effect. The order requiring the petitioner to deliver said goods or to pay over said sum of $12,921.87 within five days after service of a copy on his attorney was served on him on October 31, 1904, and on his attorney on October 27, 1904. The order punishing him for contempt was not entered until November 30, 1904. The petitioner and his counsel thus had 30 days' notice of the order for delivery or payment. There is no question as to the sufficiency of the demand and notice. Equity rule 8, applicable to bankruptcy proceedings, provides as follows:

"If the decree be for the performance of any specific act * * * the decree shall in all cases provide the time within which the act shall be done, of which the defendant shall be bound without further service, to take notice."

The substantial question herein is raised by the assignment of error, on the ground that the evidence does not justify the finding that the bankrupt petitioner had said property or its proceeds in his hands: The other bankrupt, Lachman, was not served with notice, and no contempt order was entered as to him. It may be assumed that the evidence from the books alone was insufficient to justify a finding that the merchandise, or its value, was in the possession of the bankrupts. It was open to them to explain the apparent discrepancy by proof that some of the property did not actually come into their hands or that it was sold at a price below the inventory value, especially as the firm was on the eve of bankruptcy, or that the statements were, for some other reason, inaccurate.

In these circumstances the court, in the first instance, held that there was some doubt as to the sufficiency of the proofs, and in order to enable the petitioner to account for the disposition of the goods, it properly referred the matter back to the referee. But when this opportunity was afforded, the bankrupts failed to appear or to account; their counsel stated his doubt as to his ability to explain the books, even if his clients were present, and he insisted upon asserting again the claim, which had already been passed upon by the referee and the court, that the evidence was insufficient. The books produced by the petitioner showed that this property had been in his possession before the failure. The proof as to its subsequent disposition rested peculiarly within his knowledge. The referee has ruled, and the court has affirmed his ruling, that this failure of the petitioner to account sufficiently establishes that the goods are still in his possession. If it be assumed that there might otherwise have been a question as to the correctness of the view taken by the court, yet, as its order is based on the finding of the referee on all the evidence that the bankrupts have the property or its value in their possession, this order should not be reversed, except upon clear proof of error.

We are not unmindful of the general rule that the power to imprison for contempt in such cases should be exercised with great caution, and only upon proof which establishes the facts found beyond a reasonable doubt, or which must, in any event, be clear and convincing. But we are satisfied that, upon the facts herein, a jury would necessarily find the fact of possession, or control upon an admitted receipt of goods and repeated refusals to explain or account for their disappearance. The question of the power and duty of the court in such cases has been so often passed upon that it is unnecessary to discuss it in this connection. In re Bedingfield (D. C.) 96 Fed. 190; In re Meyers (D. C.) 96 Fed. 408; In re McCormick (D. C.) 97 Fed. 566; In re Schlesinger (D. C.) 97 Fed. 930, affirmed 102 Fed. 117, 42 C. C. A. 207; Ripon Knitting Works v. Schreiber (D. C.) 101 Fed. 810; Schweer v. Brown, 130 Fed. 328, 64 C. C. A. 574.

The order is affirmed.