In re WALDER.

(District Court, D. Connecticut. January 12, 1906.)

No. 1,497.

BANKRUPTCY—ORDER TO SURRENDER PROPERTY—SUFFICIENCY OF EVIDENCE.

The testimony of a bankrupt as to the disposition made by him of a large quantity of goods shortly prior to his bankruptcy, and of their proceeds, while uncorroborated and unsatisfactory, *held* sufficient to create a reasonable doubt as to whether such goods or proceeds were still in his possession or under his control, so as to justify an order requiring him to turn the same over to his trustee.

In Bankruptcy. On review of order of referee.

William A. Wright, for trustee.
Benjamin Slade, for bankrupt.

PLATT, District Judge. This is a petition for the review of Referee Newton's order of June 21, 1905, the material part of which is as follows:

"* * * After due hearing had, it is found that said bankrupt has in his possession goods to the value at cost prices of eight thousand (8,000) dollars or four thousand (4,000) dollars proceeds thereof, which goods or money are the assets of his estate and should be turned over to the trustee. It is therefore ordered that the bankrupt forthwith deliver and turn over to the trustee goods purchased by him within three months of his bankruptcy, to the value at cost prices of eight thousand (8,000) dollars or four thousand (4,000) dollars in money."

The testimony upon which the order is based settles beyond a vestige of doubt that a large quantity of goods had been accumulated in the hands of the bankrupt shortly before his adjudication. It is equally certain that a large part of them were not turned over to the trustee. Such a situation demands a satisfactory explanation from the bankrupt which accounts for their disappearance, and, if nothing of that kind appears, an order by the referee directing that the missing goods be turned over would be a proper order. It is also clear that the bankrupt's actions in this matter were so wicked that it is difficult to find the proper words to characterize them; but, in making his order, the referee ought not to have been affected too much by the story of the bankrupt's wrongdoings, and the court in review must maintain an even mind, whatsoever may betide. If the order shall be affirmed, and the bankrupt shall fail to comply with its terms, contempt proceedings will naturally follow, and no good purpose would be served by adopting a lower order of proof now than will be required when action shall be taken in the next step.

The real question, then, is whether or not the bankrupt has accounted for the disappearance of the goods which he has been ordered to return, or, to put it more definitely, whether his explanation leaves the matter in such a shape that the court can find beyond a reasonable doubt that he now has possession or control of the goods, or of the money into which they have been converted. The referee defends the order by saying that he does not believe the bankrupt's explanation, because he has testified to some very bad things which he did, and that, uncorroborated, it is no explanation at all. The inference would seem reasonable that if the bad bankrupt had produced his relatives, and if they had told the same story, the order would not have been issued.

The bankrupt testified that he sent $10,500 worth of goods to his brother-in-law in New York, who sold the lot for $5,250, which went as follows: $2,350 retained by his brother-in-law to liquidate an old debt; $1,700 to his sister-in-law to pay an old debt; $1,000 to Yale National Bank to take up notes indorsed by relatives; $200 gone in expenses. The referee apparently accepts the statement that the notes at the bank were paid and that $200 was expended personally. It is probable that he thinks the $2,350 and $1,700 were retained by the

New York relatives, but believes that the bankrupt did not owe them that, or, indeed, any amount. Unless he had some such notion, it is not easy to understand how he came at the sum of $4,000, which he has ordered turned over to the trustee. Indeed, at the oral argument before the court, it was conceded by counsel for the trustee that the question all hinges upon the disposition of the $10,500 worth of goods, and is not affected by the matter of other goods let out upon lease, about which uncertainties exist.

The referee, then, believes that the goods went back to New York, but disbelieves the rest of the story, and intimates that, if the others had sworn as the bankrupt did, he could not (although he might still have disbelieved the story) have found facts upon which to base the order under review. The court cannot avoid the feeling that, when a bankrupt comes forward and deliberately tells a story so degrading, he is entitled to have it count for something as tending to show what has become of the goods which he owns up to having disposed of so wantonly.

I do not think that the order is warranted by the proofs, and it is therefore reversed.