In re HERSKOVITZ.

(District Court, E. D. New York. March 20, 1907.)

BANKRUPTCY—PETITION FOR ORDER ON BANKRUPT—AUTHORITY TO REFER.

A court of bankruptcy has authority to refer a petition for an order requiring a bankrupt to turn over money or property to a special master for hearing and an examination of the bankrupt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 235.]

In Bankruptcy. On petition for reference.

Charles Pechner, for bankrupt.

Oscar A. Lewis, for receiver and for petitioning creditors.

CHATFIELD, District Judge. The bankrupt herein was examined, upon the application of the receiver, before a special commissioner, under section 21a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]), with reference to the discovery of certain moneys which he was said to have paid out within four months prior to the filing of the petition in bankruptcy, certain books of account, and also the stock of goods contained in his store before the appointment of a receiver. Subsequently a receiver was appointed, and on the 21st day of September, 1906, the receiver was appointed trustee and entered upon the performance of his duties. The examination of the bankrupt has continued before the referee in bankruptcy, and successive adjournments have been had; but the trustee claims that no satisfactory explanation has been given as to the sum of $900 paid in cash by the bankrupt to his nephew, that the bank-

rupt has not accounted for a large amount of stock which the trustee claims must have been in his store before the bankruptcy, that he has failed to account for a memorandum book claimed by the bankrupt to have been left in the store when the receiver took possession, and that three persons, the bankrupt's son, one Benny Winkler, alleged to be a brother-in-law of the bankrupt, and Sadie Klein, a sister-in-law of the bankrupt, both of whom were employed in the store, cannot be found for the purpose of examination, and the bankrupt and his witnesses deny knowledge of their whereabouts. Upon affidavits showing these statements the trustee obtained an order directing the bankrupt to show cause—

"why the matter of his being directed to turn over and deliver to his trustee herein certain goods, wares, and merchandise of the wholesale value of twenty-five hundred dollars ($2,500), certain moneys amounting to fourteen hundred dollars ($1,400), and a certain memorandum book, which goods, wares, and merchandise, moneys, and book are more specifically described and set forth in the annexed petition and affidavit, should not be referred to a special master, to take testimony and report thereon, and for such other and further relief in the premises as to the court may seem just and proper."

And upon a return of the order to show cause the bankrupt appeared in person and by attorney.

It is contended on behalf of the bankrupt that this court should deny the motion on the ground that the moving papers do not warrant any relief, that the testimony taken before the referee explains the matters in dispute in a satisfactory manner, and that the court has no jurisdiction to make the order requested. The bankrupt also claims that he had a good reputation, and that the frequent attendances here cause him hardship, from which he should be relieved.

In support of the application by the trustee a number of cases have been cited, and one recently decided in the Southern district of New York, at the February term, while referring to an examination before adjudication, sets forth at length the general authority of a court of bankruptcy in sending matters to a special commissioner for an examination of the bankrupt. This case is entitled "In the Matter of Fleischer, Alleged Bankrupt," and reported in 151 Fed. 81. A further case setting forth the authority of a court of bankruptcy to pass upon testimony taken before a referee, and to dispose of an application to punish for contempt in failing to carry out the orders of the referee, is that of In the Matter of Fellerman (D. C.) 149 Fed. 244.

Without reciting at length the opinions in these two cases, it is sufficient to say that the reasoning therein set forth furnishes abundant authority for the order to show cause upon which the present motion arises, and also for referring to a special master the subject of a direction to the bankrupt to turn over the property, money, and books specified, if that special master shall determine that they are in the possession of the bankrupt or that he has them in his control, or for alternative relief if he has concealed them from the trustee. A further case recognizing the authority of the court in such case is In the Matter of Walder (D. C.) 142 Fed. 784:

"The testimony upon which the order is based settles beyond a vestige of doubt that a large quantity of goods had been accumulated in the hands

of the bankrupt shortly before his adjudication. It is equally certain that a large part of them were not turned over to the trustee. Such a situation demands a satisfactory explanation from the bankrupt which accounts for their disappearance, and, if nothing of that kind appears, an order by the referee directing that the missing goods be turned over would be a proper order."

See, also, In re Levy, 142 Fed. 442, 73 C. C. A. 558; In re Frankfort (D. C.) 144 Fed. 721.

. The motion, therefore, will be granted, and the matter referred to Arthur T. Stoutenburgh, Esq., as special master, to take testimony and report as to whether the bankrupt concealed and is concealing assets, books, and information, as alleged, and upon the question of directing the bankrupt to turn over and deliver to the trustee said goods, wares, and merchandise of the wholesale value of $2,500, said moneys amounting to $1,400, and a certain memorandum book, all specifically described and set forth in the moving papers.

From all the papers it would seem that an application could have been made to the referee, and he could have directed the bankrupt, if he saw fit, on the testimony before him, so to do, to turn over the property, money, and books referred to in this application. But, if the referee has authority to make such an order, the bankruptcy court certainly has, or it can refer the question, and allow broader and further examination than that already taken before the referee at the first meeting of creditors. While in many cases such an application should be made to the referee, this matter will be referred upon the present application, and an order may be entered accordingly.