## In re FAMOUS CLOTHING CO.

(District Court, W. D. New York. July 21, 1910.)

No. 3,485.

1. BANKRUPTCY (§ 224*)—PROPERTY IN HANDS OF THIRD PERSON—ORDER TO SHOW CAUSE—JURISDICTION OF REFEREE.

A referee in bankruptcy has power to make an order directing a third person to show cause why property in his hands alleged to belong to the bankrupt should not be delivered to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 224.*]

2. BANKRUPTCY (§ 250*)—PROPERTY IN HANDS OF THIRD PERSON—RECOVERY—JURISDICTION OF BANKRUPTCY COURT.

Jurisdiction of a bankruptcy court to compel the president of a bankrupt corporation to deliver assets alleged to belong to the bankrupt to his trustee is not ousted by the president's alleged bona fide claim to the property in good faith, where there is evidence indicating that such possession is colorable or fictitious.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 250.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the Famous Clothing Company, bankrupt. On order to show cause why property in the possession of a third person. should not be delivered to the bankrupt's trustee. Order allowed.

Fred L. Eaton, for receiver.
Dana L. Jewell, for Joseph Levey.

HAZEL, District Judge. The referee has the power to make the order to show cause herein. The cases uniformly hold that a court of bankruptcy has jurisdiction to make an order requiring the bankrupt or a third person to deliver to the trustee property in his possession which belongs to the bankrupt. In this case ·the property is, withheld or claimed to be withheld by the president of the bankrupt corporation, and, of course, if he is an adverse claimant—that is,. a bona fide claimant to the property—or if his claim is made in good faith that no money as claimed came. into his possession, then the court is without jurisdiction, and the trustee must institute a plenary action to recover the property. But if Levey has the money, or fraudulently and wrongfully keeps it, he may be compelled summarily to surrender it to the trustee. American Trust Co. of Pittsburgh. v. Wallis, 126 Fed. 464, 61 C. C. A. 342; In re New York Car Wheel Works, 132 Fed. 203; In re Friedman (D. C.) 18 Am. Bankr. Rep. 712, 153 Fed. 939. See, also, as bearing upon the nature of the evidence before commitment for contempt, In re D. Levy & Co., 142 Fed. 442, 73. C. C. A. 558.

The mere denial by the bankrupt that he received the money from the bookkeeper does not take away the jurisdiction of the court. The question is whether the denial is colorable or fictitious. In the judgment of the referee, as I read the certificate, the denial of possession by Levey is false, and therefore the bankruptcy court is not deprived of jurisdiction, and the order to show cause was proper.

So ordered.