## In re HARRY L. SUGARMAN, Inc.

### Petition of ZINOVAY.

(Circuit Court of Appeals, Second Circuit. November 21, 1924.)

### No. 88.

1. Bankruptcy ⊂⇒114(2)—Denial of application for order requiring president of bankrupt corporation to pay over corporation's funds on affidavit of president's wife, held error.

On application by receiver of bankrupt corporation for order requiring president to pay over corporation's funds, to which the president did not answer, it was error to deny application on the ground that there appeared to be no present ability on part of president to pay merely on affidavit of president's wife that he had spent money for living expenses.

2. Bankruptcy ⊂⇒136(1)—Bankrupt or officer may be ordered, under penalty of contempt, to turn over property of bankrupt.

A bankrupt or the officer of a corporate bankrupt may be ordered, under penalty of contempt, to turn over property of estate in his possession or under his control.

3. Bankruptcy ⊂⇒136(2)—"Due hearing" defined.

"Due hearing," on application to require bankrupt or officer of bankrupt corporation to turn over property, implies a statement by the plaintiff and an answer by the defendant, and an issue framed by what are practically pleadings as basis for a trial, at which each party is entitled to examine the other as well as to introduce witnesses.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Harry L. Sugarman, Inc., bankrupt. On petition of Israel H. Zinovay to revise order of District Court, denying application to require president of bankrupt corporation to turn over to the receiver corporation's deposits, withdrawn from bank four days before bankruptcy. Order reversed, with directions.

David Haar, of New York City, for petitioner.

Foster, La Guardia & Cutler, of New York City (A. S. Cutler and Nelson K. Scherer, both of New York City, of counsel), for respondent.

Before HOUGH and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. Petition for adjudication was filed against this corporation, of which the man Sugarman was president. A receiver was appointed, who made application for a summary order against Sugarman, alleging in substance that some four days before bankruptcy he had drawn out of bank all the corporation's cash under pretense of applying the same to various uses which the receiver deemed unlawful, even if any application of the money was ever made other than Sugarman's keeping it. The petition concluded in common form with a prayer for payment or "such other and further relief" as might be proper.

Sugarman never answered, but his wife filed her own affidavit, stating in substance that her husband had taken the money and

spent it for living expenses, whereupon the court denied the application without further investigation, "on the ground that there appears to be no present ability on the part" of Sugarman to pay.

[1, 2] This was error of law. Receiver had invoked the established principle that a bankrupt or the officer of a corporate bankrupt may be ordered under penalty of contempt to turn over property of the estate in his possession or under his control. Rem. § 2381 et seq.

The leading case in this circuit is In re Schlesinger, 102 F. 117, 42 C. C. A. 207, where it was pointed out that the order should be made, or denied, "after due hearing." See, also, Re Graning, 229 F. 370, 143 C. C. A. 490, Ann. Cas. 1917B, 1094, for a more recent statement of principle.

[3] Due hearing implies a statement by the party plaintiff and an answer by the person defendant; while the procedure is informal, there must be an issue framed by what are practically pleadings; on those pleadings a trial is based, and at such trial each party is entitled to examine the other, as well as to introduce witnesses.

It may turn out that what Mrs. Sugarman says is the story of the money taken by her husband is true, but to permit her to save the real defendant even from answering, not to speak of examination by counsel, is no more proper in bankruptcy than it would be at law, had the trustee sued Sugarman for this same money.

In sum, the proceedings below were not "due," therefore they were erroneous, and so was the order under review. Our mandate will reverse the order, and direct the lower court to require Sugarman to answer. The issue being thus framed, trial will be had either in open court or by reference as may be most convenient. The petitioner is awarded costs.