In re MAGEN.

(District Court, E. D. New York. May 5, 1926.)

1. Bankruptcy ⊗⟿136(2).

Exercise of power to enforce turn-over order, by contempt proceedings carrying imprisonment as punishment, should be cautious.

2. Bankruptcy ⊗⟿136(2)—Affirmed turn-over order is conclusive, in contempt proceeding, of possession at its date of property ordered to be turned over.

Turn-over order, affirmed by district court and circuit court of appeals, is, in contempt proceeding for disobedience thereof, conclusive that at date of order bankrupt's manager was in possession of the property which he was ordered to turn over to trustee.

3. Bankruptcy ⊗⟿136(2)—Before disobedience of turn-over order will be punished by imprisonment, court must be satisfied beyond reasonable doubt of power to obey, and that failure to do so is willful.

While turn-over order may be made, if there be produced some competent evidence from which it satisfactorily appears that a person has property belonging to the estate, before a court will punish his disobedience thereof by imprisonment, it must be satisfied beyond a reasonable doubt that he has it in his power to obey, and that his failure to do so is willful.

4. Bankruptcy ⊗⟿136(2).

All circumstances surrounding alleged possession may, in proceeding to punish disobedience of turn-over order, be shown in support of contention of inability to comply with order.

5. Bankruptcy ⊗⟿136(2).

While illegal possession and disobedience of turn-over order may be shown by circumstantial evidence, to justify imprisonment it should be convincing and exceptionally plain.

In Bankruptcy. In the matter of the bankruptcy of the H. Magen Company, Inc. On motion by H. Magen to vacate contempt order. Reference directed.

See, also, 3 F.(2d) 33.

Abraham Goodman, of New York City, for bankrupt.

Shaine & Weinrib, of New York City, for trustee.

INCH, District Judge. This is a hearing on an order to show cause why the motion heretofore made and granted to punish one Herbert Magen for contempt should not be considered and vacated. The contempt order

was stayed pending the hearing by the Circuit Court of Appeals of a petition to revise the turn-over order, on which was based the contempt order.

Out of the mass of facts and affidavits in this case, the issue presented appears to be quite simple. Herbert Magen was found by a referee in bankruptcy, on January 13, 1925, to have in his possession silk and cotton yarn of the value of some $32,000, which merchandise belonged to the bankrupt estate of a corporation, H. Magen Company, Inc., bankrupt.

On March 2, 1925, this court affirmed the said referee's order, and a few days later (March 9, 1925) an order of this court to that effect was duly filed. Accordingly, unless said orders have been modified or set aside, it has been exclusively found for all purposes that on January 13, 1925, Herbert Magen possessed and was concealing from the trustee silk and cotton yarn worth approximately $32,000. Appreciating this fact, Magen sought to revise said orders by a petition to the Circuit Court of Appeals. That court, on or about December 14, 1925, affirmed the said orders and denied the petition. In re H. Magen Co., 10 F.(2d) 91.

There is no need for me to quote from the careful opinion of Judge Rogers. Suffice it to say that it appears therein that for more than two years prior to the bankruptcy the bankrupt corporation, of which Magen was treasurer and sole manager, and which was engaged in the manufacture of braids, laces, and narrow fabrics, did a business of about $100,000, so far as purchases are concerned, while within the period of four months prior to the bankruptcy of said corporation the purchases amounted to about $200,000, at least 20 times more than they had been during any similar period of the bankrupt's existence. By process of common-sense reasoning, based on the books, which apparently were not disputed, and, on the contrary, were admitted by Magen to be correct, the referee found, and so did the District Court, that there was some $32,000 worth of cotton and silk yarn unaccounted for, and that same was then in the possession and control of Herbert Magen, and that he should turn it over to the trustee in bankruptcy. The referee directed that, if Magen preferred, he could turn over the cash, in the proper amount, in lieu of the said merchandise.

On said appeal the Circuit Court of Appeals were concerned solely with whether there had been any error of law committed in the court below, and an error of law would consist of there being no evidence upon which the said order could be based, saying: "The facts are for the District Court. This court will not look further into the facts as found than to ascertain whether they are sustained by any substantial evidence. It is certain that in this case there was competent evidence from which the referee and the District Judge were entitled to find that the petitioner had and still has in his possession, or under his control, assets belonging to the estate in bankruptcy." In re H. Magen Co., supra.

After the entry of the said order of the District Court, and pending the said petition to revise, the trustee presented (on or about March 27, 1925) an order to punish Herbert Magen for contempt; it being shown by affidavit that he had not complied with the turn-over order in question. This court accordingly granted said motion, staying, however, the execution thereof, pending a prompt filing and argument of said petition to revise. It also granted leave to Magen to apply for a reconsideration of any matter not decided by said appellate court, provided said court should affirm the turn-over order.

In other words, while no appeal was taken from the order punishing Magen for contempt, it was the expressed intention of this court that, in the absence of any such review, this present matter might be reconsidered when the proper time arrived. It is plain, therefore, that nothing relating to punishment for contempt has been decided by the appellate court.

[1] It seems proper, on this account, to now entertain this motion of Magen. Where enforcement may carry imprisonment as a punishment for failure to perform a legal duty to obey a turn-over order, the exercise of such power should be cautious. It is said it should be set in motion "only when its propriety is beyond a reasonable doubt." Collier on Bankruptcy (1925) vol. 1, p. 89; In re McCormick (D.C.) 97 F. 566.

[2] As we have said, Magen is estopped from now denying that on January 13, 1925, he was in possession of the property directed to be turned over. In re Frankel (D. C.) 184 F. 539, 25 Am. Bankr. Rep. 920.

[3] There is a difference in the decisions as to the burden on the trustee. Some decisions indicate that that burden is met by proof which satisfies by fair preponderance of evidence. Many other cases, among which seem to be those in this circuit (In re Chavkin, 249 F. 342, 161 C. C. A. 350, 41 Am. Bankr. Rep. 36; In re McCormick [D. C.] 97 F.

566, 3 Am. Bankr. Rep. 340; In re Cashman [D. C.] 168 F. 1008, 21 Am. Bankr. Rep. 284), require proof beyond a reasonable doubt of a person's ability to obey an order to turn over before there can be imprisonment.

In other words, it seems to me to be the rule in this circuit (aside from the question of jurisdiction) that, if some competent evidence is produced from which it satisfactorily appears that a person has property belonging to an estate, an order may be made that it be turned over; but on his failure to do so, before the court will punish disobedience by imprisonment, it must be satisfied beyond a reasonable doubt that the person then has power to obey the order, and that his failure to obey is willful. This does not mean beyond *any* doubt, but beyond a *reasonable* doubt.

[4] It is therefore conceivable that a person claimed to be in contempt of court may offer proof, not to show that he did not possess the property at the time the court found he possessed it, but to show all the circumstances surrounding the entire alleged possession, not only to give some support to his present contention that he now is unable to comply with the order of the court, but that his disobedience thereto is entirely that of necessity, rather than a willful and intentional one. The court can and should keep such proof within due bounds.

[5] An illegal possession and disobedience may be shown by circumstantial evidence, yet before such evidence will justify an imprisonment, possibly for a considerable period, it should be both convincing and exceptionally plain. It therefore comes down to this: This court must now be satisfied beyond a reasonable doubt that Magen is willfully disobeying the order to turn over. The burden of proof to show that he is so doing rests on the trustee. That burden is met in the first instance by proof that a court by order has duly found that Magen is in possession of the property, that it belongs to the estate of the bankrupt, and that he has failed to obey the order to turn over. Magen must then offer proof to explain this failure to obey. Otherwise, a willful disobedience may be reasonably found.

Mere denials or protestations of inability are not proof; they simply raise the issue which calls for proof. Finally, when both sides have rested, if the court is then satisfied, beyond a reasonable doubt, of the present willful disobedience of Magen, it may imprison him as a punishment. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed.

405; In re Schlesinger, 102 F. 117, 42 C. C. A. 207; In re McCormick, supra.

Accordingly, it seems to me that I should follow in this case the practice apparently laid down by Judge Brown (In re McCormick, supra), and, as it will be impossible for me to personally conduct this hearing because of the work imposed upon me by the criminal term, I direct that the issue, in accordance with this opinion, whether or not Herbert Magen has willfully disobeyed the order of this court, be referred to the referee, as special commissioner, to take proof of the facts and report to the court his findings, allowing examination and cross-examination of witnesses. The decision of this court on this motion will be reserved, pending the incoming and confirmation of his report.

It seems to me that it is only fair to the creditors that, if Magen be subsequently found in contempt, the estate should not be burdened with the expense of this reference, caused by his disobedience, and accordingly I direct that, before proceeding with said reference, Magen give proper indemnity or other satisfactory assurance to the trustee that he will pay all the expenses of said reference, should it be subsequently decided by this court, or by an appellate court, that he should be imprisoned for contempt of court.

More than enough time has been allowed Magen to prepare his proof, if he has any, and the hearing should therefore proceed promptly and without delay.