## In re CANTOR.

### No. 18112.

District Court, E. D. New York.
Nov. 19, 1930.

Herman G. Robbins, of Brooklyn, N. Y., for trustee in bankruptcy.

David D. Levinson, of Long Island City, N. Y., for bankrupt.

GALSTON, District Judge.

The trustee in bankruptcy seeks to review an order of the referee denying a motion made by the trustee to direct the bankrupt to turn over to the trustee the sum of $21,644.21.

The referee found that the bankrupt had been engaged in the manufacture of wearing apparel; that his books of account were incorrectly and improperly kept; but that the discrepancy shown in the books, of $21,644.21, between alleged assets and liabilities, was not the result of deliberate effort. The referee finds that on the record it was impossible for him to determine exactly what the real discrepancy is or should have been, and that the bankrupt is physically unable to deliver the property sought to be recovered by the trustee.

I have carefully studied the record in this case. That the books were carelessly kept seems to me to be undoubtedly apparent. The books show a total of sales and sales credits from May 1, 1929, to October 18, 1929, of $33,474.95. The books also show bank deposits during the same period of $21,081.92. Of the amount deposited, $9,251.18 represented the proceeds of loans, leaving a net amount of deposits, arising out of the sale of merchandise, of $11,830.74. The trustee, therefore, claims that the bankrupt fails to account for $21,644.21.

The first difficulty that I encountered was the unconvincing testimony of the accountant himself, for though he testified that sales amounting to $33,474.95 were made during the period in question, I can find no testimony which shows the amount of payments received therefrom, nor any amount indicating how much of these sales were not paid for. The trustee's case seems to be based on the presumption that the amount of the sales represented the amount of payments received by the bankrupt. It seems to me that the proof is not sufficient to make out even a prima facie case for the trustee; nevertheless the bankrupt went forward with the proof in order to show as far as he could what disposition he made of monies received.

He said that he did not know whether all the merchandise set forth in the charge book was actually sold and delivered. He recalled a charge made to one Siener Colkin of $3,000, which he described as a "puff" charge and made to induce another jobber to buy merchandise. He testified, moreover, that it was customary in his business for customers to take off 8 or 10 per cent. of the amount of the bills in making payments. He testified that on some occasions he would pay off creditors either in cash or with the checks of his own customers, and testified to a number of such payments.

All in all, a reading of the testimony fails to convince me what amount, if any, should be turned over by the bankrupt to the trustee.

█ To justify a referee in a turnover proceeding in making an order to direct the bankrupt to deliver property to the trustee, the evidence should be at least clear and convincing. The reason for this is easy to see, for such an order, if made and not complied with, is merely the prelude to a motion to punish for contempt, in which case the proof must be, as some authorities hold, clear beyond a reasonable doubt. Indeed, as was said in Re Walder (D. C.) 142 F. 784, 785 (referring to a turnover order):

"If the order shall be affirmed, and the bankrupt shall fail to comply with its terms, contempt proceedings will naturally follow, and no good purpose would be served by adopting a lower order of proof now than will be required when action shall be taken in the next step."

█ It may well be that the bankrupt's acts were such as might be the subject of critical examination when and if he petitions for his discharge; but that is not the issue now presented. I agree with the learned referee that "it will be impossible on this record for any one to determine exactly what the discrepancy is or should be."

Accordingly, the motion to set aside the order of the referee is denied. Settle order on notice.