## In re DAVID EISNER & CO., Inc.

District Court, S. D. New York.
March 15, 1938.

Walter H. Merritt, of New York City, for petitioners.

Max E. Sanders, of New York City, for Trustee in Bankruptcy.

GODDARD, District Judge.

Petition by David Eisner and the bankrupt corporation, David Eisner & Co., Inc., for review of a turnover order made by a referee in bankruptcy directing David Eisner (the president, director, and sole stockholder of the bankrupt corporation) and the bankrupt corporation to turn over to the trustee certain woolens, corduroy, velvets, silks, linings, and finished garments of the

value of $19,654.02, or, at the option of the respondents, in lieu of turning over the said merchandise, to pay to the trustee $19,654.02 in cash. Eisner and the bankrupt corporation are charged with having received the merchandise claimed during the period from December 1, 1934, to April 3, 1935. On April 3, 1935, the bankrupt corporation made an assignment for the benefit of creditors, and on June 6, 1935, an involuntary petition in bankruptcy was filed against the corporation. This turnover proceeding was commenced on September 24, 1935. The respondents denied the claim of the trustee and contested the turnover order contending that there was no shortage and that there were no merchandise or money received or to be accounted for by the respondents. After extended hearings the turnover order in question was made by the referee on December 2, 1937. On December 11th the petition to review the turnover order was served.

■ The books and records of the bankrupt were put in evidence by the trustee and the referee has heard a number of witnesses, and I am satisfied, after going through the record, that his finding that the respondents have failed to account for merchandise of the value of $19,654.02 is supported by the clear and convincing evidence required by the rule in Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419. There is no need to again discuss the evidence in detail; it has been fully covered in the referee's report. Although I find no affirmative evidence in the record to support the finding of the referee that the merchandise or the proceeds realized from it are still in the possession and control of the respondents, the referee apparently relies upon a presumption that having received the merchandise or the proceeds and not accounted for them, they are still in respondents' possession.

■ The principal point urged by counsel for respondents seems to be that the trustee has failed to sustain the burden of proving that the respondents had the merchandise or the proceeds therefrom in their possession at the time the turnover order was made. Counsel further contends that since the decision of the Circuit Court of Appeals for this circuit in the case of Danish v. Sofranski, 93 F.2d 424, 426, before a trustee in bankruptcy becomes entitled to a turnover order, the trustee must show not only that the merchandise or the proceeds therefrom was wrongfully appropriated by the respondents, but must also show how much,

if any of it, is left in the hands of the respondents when the referee's order to turn over is passed. It is true that Danish v. Sofranski held that the trustee was not, under the facts there presented, entitled to a turnover order. However, I do not understand that In re D. Levy & Co., 2 Cir., 142 F. 442, and the cases following it are overruled, but quite the contrary. The opinion in Danish v. Sofranski refers to In re D. Levy & Co. with approval. I believe the rule still stands that where a respondent denies receiving property and there is a proper finding that the respondent did receive it, the burden is upon the respondent to account for it or show what happened to it. Cf. Danish v. Sofranski and cases cited therein. Danish v. Sofranski was based upon its own particular facts; that although the respondents admitted taking the money, there was a fair doubt whether any of it remained unspent after upwards of two years, and if so—it was impossible under the circumstances, to even guess how much, in the absence of proof by the trustee; however, we have to do with another situation—one where the respondents deny that they took the money, so that the decision in Danish v. Sofranski does not apply.

In Danish v. Sofranski the respondents admitted receiving money in December, 1934, and the early part of 1935, and it was July 15, 1937, when the referee ordered them to return the money to the trustee. Under those circumstances the Circuit Court held that the trustee must, to obtain a turnover order, show how much of the money, if any, the respondents still had in their possession or control. But Judge Learned Hand, writing for the court, makes a clear distinction between a proceeding where the respondent admits receiving the property, and one where the respondent denies that he ever got it, and says:

"Again—and this is by far the most common situation—the respondent may steadfastly deny that he has ever received any of the property at all. Sometimes he does this upon the proceeding to punish him for contempt. That is necessarily an unsuccessful excuse, because it disputes the finding in the summary order, which, since Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419, is an estoppel. It is uniformly held that in this situation he stands charged and must explain how he disposed of it. In re Stavrahn, 174 F. 330, 20 Ann. Cas. 888 (C.C.A.2); In re Graning, 229 F. 370, Ann.Cas.1917B, 1094 (C.C.A.2); In re Siegler, 31 F.2d 972 (C.C.A.2); Sarkes

748

v. Wells, 37 F.2d 339 (C.C.A.6). At other times in the summary proceeding itself, the respondent either denies having ever received the property or refuses to give any explanation; and then too the trustee need not prove his ability to comply; the burden of explanation is the respondent's. In re D. Levy & Co., 142 F. 442 (C.C.A.2); In re Weinreb, 146 F. 243 (C.C.A.2); In re Chavkin, 249 F. 342 (C.C.A.2); Dittmar v. Michelson, 281 F. 116 (C.C.A.3); In re Magen Co., 10 F.2d 91 (C.C.A.2); In re Cohan, 41 F.2d 632 (C.C.A.3); In re Steinreich Associates, 83 F.2d 254 (C.C.A.2). The ground for this has never been stated, but a valid explanation is that, as the supposed excuse would contradict his denial, it may be assumed that he would not make it; and that his refusal to answer, when he so refuses, may be assumed to continue. * * * But when the respondent acknowledges receiving the property, and it is of a kind that he would be likely to dissipate—money or saleable goods—there is no reason why the trustee should not prove how much remains within the respondent's control. In such cases the trustee must make out his case upon this issue just as he must upon the original taking."

In the case at bar respondents deny ever having received any of the bankrupt's merchandise or the proceeds therefrom; but the referee has found that the merchandise was taken by them, and the burden was upon the respondents to explain what became of that which they stood charged with having taken. Having chosen to deny that they received the property, they probably thought it inexpedient to disclose what they did with it.

Accordingly, the order of the referee was a proper one and is confirmed, and the petition to review is dismissed.