CUMMINGS v. SYNNOTT.

(Circuit Court of Appeals, Third Circuit. February 2, 1911.)

No. 1,372 (10).

BANKRUPTCY (§ 136*)—ACCOUNTING BY BANKRUPT—MONEY FRAUDULENTLY
CONVERTED, BUT UNIDENTIFIED.

Where a bankrupt sold stock of a corporation, a part of which was
owned by him and a part by others, for whom he acted as agent, and re-
ceived the proceeds, which fact he concealed from the other owners, who
after his bankruptcy were unable to trace the money into any particular
fund or property, and who filed their claims as general creditors, the
bankrupt cannot avoid accounting to his trustee for the proceeds of all
of the stock, on the ground that a part did not belong to his estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

Petition to Revise Order of the District Court of the United States
for the Eastern District of Pennsylvania.

In the matter of John E. Cummings, bankrupt. On petition to re-
vise an order requiring the bankrupt to pay over a sum of money to
his trustee, Clayton E. Synnott. Affirmed.

Henry N. Wessel and Alfred Aarons, for petitioner.
M. Hampton Todd, for respondent.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. After taking a very large amount of
testimony and employing the services of an expert accountant, the
referee in bankruptcy found that John E. Cummings, the bankrupt,
at the time of his adjudication, which was in a voluntary case, had in
his hands or under his control the sum of $69,317.44, for which he
had failed to account to his trustee. Accordingly, on November 18,
1909, the referee made an order directing Cummings to pay that sum
forthwith to his trustee. The order was carried to the District Court
on a petition to review, and on February 21, 1910, that court affirmed
the referee, giving the bankrupt until March 1, 1910, to comply with
its terms. The matter now comes to us for consideration.

The bankrupt complains that in the account stated against him by
the referee he has been erroneously charged with items not belonging
to his estate, and also that the referee failed to give him credit in the
account for all he claims. We do not deem it necessary to consider
the items in detail. The referee, in a very carefully prepared report,
has done so, and we concur with the District Court in the judgment
that the account as prepared by the referee is in all respects amply
supported by the proofs.

The principal charge against the bankrupt is one of $200,000. It
appears that the bankrupt sold certain shares of the capital stock of
the Atlantic Match Company for that sum, and that he received the
cash. This is conclusively proven, and, indeed, is not denied. Three-
eighths of the shares were owned by him, and five-eighths by Thomas
W. Synnott and Charles H. Graham. Synnott and Graham had au-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thorized him to act as their agent in making the sale, and he had fraudulently concealed from them the fact that he had received such cash payment. His present contention is that five-eighths of the $200,000 belongs to Synnott and Graham, and not to his estate, and that it is beyond the power of the court to require him to pay what is due to them over to his trustee in bankruptcy. A sufficient answer to this contention is that Synnott and Graham, being unable to trace the proceeds of the sale of their stock into any particular fund or property, have not attempted to enforce any trust in their behalf, but have put in their claims against the bankrupt's estate as general creditors.

The order is clearly right. The bankrupt's counsel has treated the case, in argument, as though it were one of contempt. It is not. No proceedings to have the bankrupt punished for contempt have yet been instituted.

The order of the District Court is affirmed, with costs.