### In re STAVRAHN.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

#### No. 42.

1. BANKRUPTCY (§ 136*)—PROCEEDINGS AGAINST BANKRUPT FOR CONTEMPT—PLEADING.

The petition of a trustee in bankruptcy, asking that the bankrupt be adjudged in contempt for failing to obey an order to pay over money or turn over property, is not required to allege affirmatively that he was able to comply with the order; but when the record and moving papers show that the bankrupt has been adjudged after a full hearing to have concealed specific property, and has been ordered to turn it over, sufficient is charged to put him on his defense.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

2. BANKRUPTCY (§ 136*)—PROCEEDINGS AGAINST BANKRUPT FOR CONTEMPT—SUFFICIENCY OF SHOWING.

Where a bankrupt has been adjudged after repeated hearings to have in his possession a sum of money received from a particular source, which he has not turned over to his trustee, and he is ordered to turn it over, which order he neither obeys nor seeks to have reviewed, a sufficient prima facie case is made to warrant his commitment for contempt, unless he gives an adequate explanation of what has become of the money.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of Bernard Stavrahn, bankrupt. On petition to review order of District Court. Order affirmed.

This cause comes here upon a petition to revise an order which adjudged the bankrupt to be in contempt of that court, ordered him to pay within five days to the trustee in bankruptcy the sum of $5,000, and in case of his failure so to do directed that he should forthwith be committed to jail for a period of six months.

John C. Tomlinson, Millard F. Tompkins, and John C. Tomlinson, Jr., for petitioner.

Clarence R. Freeman, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. In the petition it is alleged that the District Judge refused to read or consider two affidavits which the

bankrupt submitted in opposition to the motion to punish him for contempt. The record does not support any such contention. The order, on the contrary, recites the "reading and filing" of the "affidavits of H. T. Galpin and Bernard Stavrahn, each verified the 5th day of February, 1909, submitted in opposition to said motion."

The proceedings in this case, as disclosed by the record, were as follows: Upon a voluntary petition Stavrahn was adjudged a bankrupt on September 15, 1906. Some time prior to August 5, 1908—exactly when does not appear—the bankrupt applied for his discharge in bankruptcy. Specifications were filed in opposition, charging that he had "intentionally and fraudulently concealed, while bankrupt, from his trustee, property belonging to his estate in bankruptcy, consisting of money, the proceeds of the sale of certain real estate situated in the borough of Manhattan, city of New York." Evidence offered by all parties was taken, the bankrupt himself testifying, and the referee reached the conclusion that:

"Amelia Stavrahn (the wife of bankrupt's brother) was a dummy in all these real estate transactions, and that the real owner of the property was the bankrupt, and that the bankrupt received the profits and has concealed them from the trustee."

Upon the report of the referee the discharge of the bankrupt was denied by the District Court. From that denial he took no appeal, although the bankruptcy act expressly accords the right of appeal in such cases. Act July 1, 1898, c. 541, § 25, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

Thereafter the trustee obtained an order to show cause why the bankrupt should not be required to turn over to his trustee the sum of $6,000, which it was alleged he had fraudulently concealed from said trustee. The matter was fully inquired into before the referee, who had before him, not only the testimony taken on the former hearing, but also several witnesses, including the bankrupt, who was examined at great length. The subject of investigation was the same real estate transaction in which his sister-in-law had participated. The referee found and reported that:

"The evidence and circumstances surrounding this case establish beyond a reasonable doubt the receipt by the bankrupt of the proceeds of the sale of said real estate in the sum of at least $5,000, and that he has concealed said money, to wit, said $5,000, and that such concealment was fraudulent on his part."

The referee thereupon, August 5, 1908, made an order directing the bankrupt to pay over to his trustee, within 30 days from the service of the order upon him, the sum of $5,000 so fraudulently concealed. This order was served upon the bankrupt on August 7, 1908. The record does not show that the bankrupt sought to review this order of the referee by petition as provided for in general order 27 (89. Fed. xi, 32 C. C. A. xxvii).

On December 31, 1908, an order to show cause why the bankrupt should not be compelled forthwith to pay over the $5,000, or in case of failure so to do be adjudged in contempt and punished accordingly was served upon him. This was accompanied by the referee's certificate of disobedience of the order, and the record book, comprising the

evidence, and all other papers, were handed up for the information of the judge. Hearing thereon and on the two affidavits then submitted by the bankrupt was had on February 8, 1909, resulting in the entry of the order now sought to be reviewed.

On this review three contentions are made on behalf of the bankrupt: (1) That the petition of the trustee is defective, in that it contains no allegation that the bankrupt was able to comply with the order of the referee after it was served upon him. (2) The court erred in holding that it was bound by the order and certificate of the referee, and therefore could not consider the affidavits submitted on behalf of the bankrupt. (3) That it nowhere appears in the moving papers, and does not plainly and affirmatively appear from the record, that the bankrupt's failure to obey was willful and not caused by mere inability.

1. We do not find in the statute, the general orders, or in any decision which has been called to our attention, any authority for the proposition that the petition should contain an affirmative allegation of the bankrupt's present ability to comply with the order requiring him to turn over property. That is more properly a matter of defense. When the moving papers indicate that it has been determined after a full hearing that the bankrupt has concealed some specific piece of property, that he has been ordered to turn it over to the trustee, that he has been duly served with such order, and that he has failed to comply with such order, sufficient is charged to put him upon his defense. Of course, he should have notice of the motion to punish him for such disobedience and have his "day in court," when he may present what he may have to urge against such motion and an opportunity to be heard. All these the petitioner had in this case.

2. We do not find in the record sufficient to support the allegation that the District Court held that it could not consider the affidavits submitted on behalf of the bankrupt. We infer from the papers before us that the District Judge after reading the affidavits which were submitted on behalf of the bankrupt, reached the conclusion that they did not meet the case presented in the moving papers. It is not surprising that he reached such a conclusion.

3. Petitioner relies principally on the decisions of the Courts of Appeals in the First Circuit (In re Cole, 144 Fed. 392, 75 C. C. A. 330; First Nat. Bank v. Cole, 163 Fed. 180, 90 C. C. A. 50) and in the Fifth Circuit (Samel v. Dodd, 142 Fed. 68, 73 C. C. A. 254). The facts in this case differ so much from those in the authorities relied upon that the conclusions reached therein are inapplicable. When the matter was before the District Court in February, 1909, on the final application to punish the bankrupt for a willful and contumacious disobedience of the order of August 5, 1908, directing him to pay over, it appeared that before the last-named order was made there had been two adjudications, after full hearings whereat the bankrupt testified and had the right to produce witnesses, both finding that the bankrupt had fraudulently concealed at least $5,000, the profits of a certain real estate transaction which he should have turned over with the rest of his estate. It further appeared that the bankrupt had not taken any steps to review either of these adjudications. Certainly this was sufficient, prima facie, to establish the proposition that at some time sub-

sequent to the bankruptcy and prior to August 5, 1908, he was in the actual possession of that particular sum of money. In the face of such a finding it was incumbent on the bankrupt to give some reasonable explanation as to why it was that he did not turn it over in compliance with the order requiring him so to do. It was for him to explain how and why it was that this particular sum, in his possession a few months before, had disappeared, so that he no longer "had the ability to turn it over in compliance with the order." This he wholly failed to do. His affidavit in opposition to the motion goes at great length into certain transactions, subsequent to the bankruptcy, relating to the leasing of a building, the purchase of its equipment, and the establishing therein of a restaurant business with himself as manager— all with funds advanced by his father-in-law. As to what became of the real estate profits—the $5,000, which it had been held he concealed —nothing is said. The sole averment is:

"That the reason your deponent has not turned over said sum is because he has no such sum in his possession or under his control, directly or indirectly, and has no means whatsoever of obtaining said sum of money."

In view of the case made out by the moving papers, this averment is too bald and indefinite to have any persuasive force, and we think the order of commitment was warranted by the record before the District Judge.

Order affirmed.