FREE et al. v. SHAPIRO.

(Circuit Court of Appeals, Fourth Circuit. April 15, 1925.)

No. 2293.

**1. Bankruptcy ⟷228—Report of referee entitled to great weight, but is not conclusive on District Court.**

Report of referee in bankruptcy, who heard witnesses in proceeding to compel bankrupt to turn over assets, is entitled to great weight, but is not conclusive on District Court.

**2. Bankruptcy ⟷446—On petition to superintend and revise, District Court's findings of fact are conclusive when there is substantial conflict in testimony.**

On petition to superintend and revise, District Court's findings of fact are conclusive when there is substantial conflict in testimony, and will be reversed only for error in application of law to facts.

**3. Bankruptcy ⟷136(1)—After filing of petition bankrupt holds property in trust.**

After filing of petition, bankrupt holds all his property in trust to preserve it and turn it over to his trustee as soon as appointed.

**4. Bankruptcy ⟷136(2)—Petition and order to show cause why bankrupt should not turn over property to trustee is not criminal in nature.**

Petition and order to show cause why bankrupt should not turn over his property to trustee in substance requires bankrupt, as trustee, to account for property alleged to be under his control to be administered by trustee for benefit of creditors, and is not in nature of criminal proceeding, nor does it necessarily import moral turpitude, nor necessarily result in contempt proceedings.

**5. Bankruptcy ⟷136(2)—Not presumed that bankrupt will not obey order to turn over property to trustee.**

It should not be presumed that bankrupt will not obey order to turn over his property to trustee.

**6. Bankruptcy ⟷136(2) — Order requiring bankrupt to turn over property to trustee held final adjudication that he did improperly retain assets.**

Order requiring bankrupt to turn over assets to trustee, after hearing on order to show cause why assets should not be turned over to trustee, is final adjudication that bankrupt did improperly retain assets, but is not conclusive in contempt proceedings of present ability to comply with order.

**7. Bankruptcy ⟷136(2)—In proceedings to recover assets, burden is on trustee and creditors to prove by clear preponderance of evidence that bankrupt withheld assets.**

In proceedings to recover assets which should have been turned over to bankruptcy trustee by bankrupt, creditors and trustee have burden of proving by clear preponderance of testimony, but not beyond reasonable doubt, that bankrupt withheld assets.

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of South Carolina, at Charleston, in bankruptcy; Ernest F. Cochran, Judge.

In Bankruptcy. Proceeding by W. E. Free, trustee in bankruptcy of Milton Shapiro, bankrupt, and others, against Milton Shapiro, bankrupt. On petition to superintend and revise, in matter of law, proceedings of the District Court and order reversing finding and order of referee. Reversed and remanded.

J. Wesley Crum, of Bamberg, S. C., for petitioners.

Bert D. Carter, of Bamberg, S. C., and John F. Williams, of Aiken, S. C. (Carter, Carter & Kearse, of Bamberg, S. C., and Williams, Croft & Busbee, of Aiken, S. C., on the brief), for respondent.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. Milton Shapiro was adjudged bankrupt in January, 1923. On petition of certain creditors and the trustee, the referee made an order requiring the bankrupt to show cause why he should not be required to turn over to the trustee goods and money concealed by him. After full hearing of testimony and argument, the referee ordered the bankrupt to turn over $14,248.03 in money as the value of assets concealed. In the event of his failure to comply, the trustee was ordered to institute criminal proceedings against him under section 29 of the Bankruptcy Act (Comp. St. § 9613). In response to the petition for review by the District Court, the referee in certifying the proceedings made an elaborate and impressive report, in which he said he had reached his conclusion after allowing the bankrupt credit for every item about which there was any reasonable doubt. The District Judge reviewed the testimony and the report and reversed the finding of the referee.

[1, 2] The report of the referee was entitled to great weight because the witnesses, including the bankrupt, testified before him; but it was not conclusive on the District

Court. On a petition to superintend and revise, the District Court's findings of fact are conclusive in this court when there is substantial conflict in the testimony. In such case we can reverse only for error in the application of law to the facts.

The view of the law applied by the District Court is thus stated in the opinion:

"The referee's report is very full and clear, and if this case were a case of an accounting by a trustee, or if it were a case in which the determination of the court should be arrived at by a preponderance of the evidence, I should in all probability sustain the report. But as I view it, the court should not in a case of this sort arrive at its conclusions of fact upon a preponderance of the testimony, but should be satisfied to a moral certainty. * * *

"There are various other items which were disallowed by the referee in the accounting which may have been properly disallowed, if it had been an accounting by a trustee; but when the disallowance of these items is made the basis for the conclusion that the bankrupt has been shown to have in his possession beyond a reasonable doubt property of the bankrupt, there is too much uncertainty about these items for me to find that they should have been disallowed. * * *

"The main difficulty, however, in the case lies not in the allowance or disallowance of any of these particular small items. The difficulty lies in the fact that the whole foundation for the conclusion reached is subject to too much doubt. The premises are not established beyond a reasonable doubt. For these reasons I cannot concur in the conclusion of the referee.

"It must be borne in mind that this is not a question arising upon objections to the bankrupt's discharge in bankruptcy. If this question should arise upon his application for a discharge and on objection by creditors, I should probably hold that he would not be entitled to a discharge upon the showing made. But I do not care to prejudge that question, and all that I say now is that that question is left open. The only question decided is that the evidence is insufficient at present to establish beyond a reasonable doubt to my satisfaction that the bankrupt has property in his possession which he should be required by an order of the court to turn over to his trustee to be followed in case of failure to comply by imprisonment for contempt.

" * * * In this circuit, whatever may be the rule elsewhere, there is no question that the proof must be beyond any reasonable doubt. Kirsner v. Taliaferro [202 F. 51, 120 C. C. A. 305] supra; In re Switzer [(D. C.) 140 F. 976], supra."

By the weight of authority, in attachment for contempt for failure to turn over assets adjudged to be withheld the court will not imprison the bankrupt unless satisfied beyond reasonable doubt of his guilt. The cases are cited in 7 Remington on Bankruptcy (3d Ed.) § 3041. So this court held in Kirsner v. Taliaferro, 202 F. 51, 120 C. C. A. 305. This is but the application to contempt which results in imprisonment of that tender consideration for the liberty of the citizen expressed in the doctrine that a charge of crime must be proved beyond reasonable doubt. But we are not now called on to decide the degree of proof nor where the burden of proof lies in contempt proceedings. It is true that the opinion in the Kirsner Case put forward the question whether the rule of reasonable doubt in favor of the bankrupt should not be applied to an inquiry under an order requiring him to show cause why he should not be required to turn over assets retained by him as well as in contempt proceedings. But the point was not involved and was not decided, nor was anything more than a doubt expressed. After careful consideration, we are convinced there is good reason for the distinction.

[3-6] From the time of filing his petition the bankrupt holds all his property in trust to preserve it and turn it over to his trustee as soon as appointed. A petition and order to show cause why he should not turn over property is in substance a proceeding to require a bankrupt as trustee to account for property alleged to be in his hands or under his control, to be administered by his trustee for the benefit of creditors. Such accounting has nothing in it in the nature of a criminal proceeding. It does not necessarily import moral turpitude, nor does it necessarily result in contempt proceedings. An adjudication that the bankrupt has money or other property in his hands and an order requiring him to turn it over to his trustee may well be efficacious without resort to contempt proceedings. The property may be so identified that it could be taken by the marshal under order of the court. The bankrupt may conclude to rectify his mistake or his wrong by turning over the property. Refusal of a discharge may induce compliance with the order of the court and make resort to contempt proceedings unnecessary. The presumption should not be indulged that the bankrupt will not obey the order of the court in a bankruptcy proceeding of this nature.

The inquiry is whether the bankrupt has assets which he failed to turn over to the trustee. If the inquiry leads to the conclusion that he did have assets which were not turned over to the trustee, the order follows requiring him to turn them over, and it is a final adjudication that he did improperly retain assets. But this is not inconsistent with the view that, in contempt proceedings, where the issue of imprisonment is involved, the court may refuse to imprison because the evidence of present ability to pay is not convincing beyond a reasonable doubt.

[7] There is some conflict in the authorities, as will appear from the review of them in 5 Remington on Bankruptcy (3d Ed.) § 2411, and 7 Remington, §§ 3411, 3412. We think the true rule supported by reason and the better authority is that in a proceeding looking to the recovery of assets which should have been turned over to the trustee by the bankrupt, the creditors and trustee have the burden of proving that the bankrupt has withheld assets, by the clear preponderance of the testimony but not beyond a reasonable doubt. No greater degree of proof is required in other similar proceedings even necessarily involving intentional fraud. Rea v. Missouri, 64 U. S. (17 Wall.) 532, 21 L. Ed. 707; note 33 L. R. A. (N. S.) page 836; 27 C. J. 62. No sound reason can be given for making an exception against creditors in a proceeding of this sort in the bankruptcy court. To impose on creditors in a proceeding of this kind the exceptional burden of proof beyond reasonable doubt of the charge against the bankrupt of withholding assets would facilitate and encourage fraudulent bankruptcies, already so prevalent.

The District Judge therefore erred in imposing on the creditors and trustee the burden of proof beyond reasonable doubt that the bankrupt had withheld assets which he should have turned over to the trustee. The decree of the District Court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed.