### In re PLAZA SHOE CO.

#### Petition of WEISS.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

#### No. 6.

**1. Bankruptcy ⊚⟹447.**

Where order of District Court, affirming order of referee, does not show whether it was based on referee's erroneous finding, petition will be dismissed, without either affirming or reversing order.

**2. Bankruptcy ⊚⟹288(1).**

Summary proceeding to compel president of bankrupt to surrender property is, civil, and usual rules governing civil causes apply.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of the Plaza Shoe Company. An order of the referee, dismissing the petition of William Weiss, as trustee, to compel Charles Weisel, the bankrupt's president, to surrender certain property of the bankrupt, was affirmed, and

the trustee petitions to revise. Petition dismissed, and case remanded, with directions.

Petition to revise an order in bankruptcy of the District Court for the Southern District of New York, affirming, upon petition to review, an order of a referee in bankruptcy dismissing the petition of the trustee to compel Charles Weisel, the bankrupt's president, to surrender certain property of the bankrupt, alleged to be within his control.

Weisel, the respondent to the petition before the referee, and the respondent here, was in control of the bankrupt's ·affairs. The trustee made a case against him in the customary form; that is to say, he showed large purchases by the bankrupt during the months immediately preceding its failure, and the disappearance of the goods and their proceeds. From this he argued that some part of them must still be in Weisel's hands or under his control, to an amount which he undertook to prove. Weisel, on his part, made the customary defense, saying that the bankrupt through him had sold goods at great sacrifice and without regard to their cost. After an extended hearing before the referee, at which Weisel and other witnesses appeared and testified, the referee dismissed the petition. He made two findings upon the facts: First, that, if the case had involved specifications against a discharge the trustee would have proved his petition; second, that, as the case involved the surrender of the bankrupt's property, the allegations must be proved beyond a reasonable doubt, and that they were not so proved.

The District Court affirmed this order without passing upon either finding, so far as appeared, and the petition to revise now at bar was filed to review the order of affirmance.

Lesser Bros., of New York City (Rudolph J. Safarik and William Lesser, both of New York City, of counsel), for petitioner.

George Garfunkel, of New York City, for respondent.

Before MANTON, HAND, and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] We regard the referee's first finding as equivalent to saying that the trustee had proved his case by a preponderance of proof, the usual rule in civil cases. It is impossible to know whether the District Court affirmed the referee's order because it reversed the first finding, or because it affirmed the second finding and thought the first irrelevant. If the rule of proof in such proceedings is the same as in civil causes, as we believe, it would be error to affirm the referee's order without reversing his first finding. We have, however, no jurisdiction to reverse or affirm any finding of the referee; nor can we pass upon the action of the District Court upon it, until it appears what that action has been. Hence we must dismiss the petition, without either affirming or reversing the order.

The cause must be remanded, but we can probably terminate the controversy by instructions to the District Court to reverse or affirm the first finding, which alone is relevant. If it affirms, it should reverse the referee's order and enter an order directing the respondent to surrender the property; if it reverses, it should affirm the order. If the defeated party persists, he can still invoke our extremely limited power of review by a new petition to revise, though the case would hardly seem to be one in which we could intervene upon the facts.

The only question of law raised by the present record is as to what should be the rule of proof on petitions to compel a bankrupt or its officer to surrender property of the estate. We adopt the ruling in Free v. Shapiro, 5 F.(2d) 578 (C. C. A. 4). We said nothing in Re Magen, 10 F.(2d) 91, which suggested any other standard of proof, although the point was not specifically discussed. In speaking of the quantum of proof, we distinguished between the summary proceeding and the contempt proceeding in Re Chavkin, 249 F. 342, 161 C. C. A. 350. In re Stavrahn, 174 F. 330, 98 C. C. A. 202, 20 Ann. Cas. 888, and in Re Weber Co., 200 F. 404, 118 C. C. A. 556, we said only that the order to surrender made out a prima facie case for the trustee upon the later contempt proceeding. Those decisions did not concern the degree of proof necessary in the summary proceeding. In re D. Levy & Co., 142 F. 442, 73 C. C. A. 558 (C. C. A. 2) was a contempt proceeding; so also were In re Cole, 163 F. 180, 90 C. C. A. 50, 23 L. R. A. (N. S.) 255 (C. C. A. 1), Samel v. Dodd, 142 F. 68, 73 C. C. A. 254, and United States ex rel. Paleais v. Moore (C. C. A.) 294 F. 852 (C. C. A. 2). We know of no case which has held that the summary proceeding is not civil in all its incidents.

[2] It is quite true that the main purpose of the proceeding is to compel the respondent to surrender under the sanction of imprisonment. But, as Judge Woods observed in Free v. Shapiro, an order to surrender, if disobeyed, will bar a discharge, and to that

the trustee is entitled, if he wishes. Moreover, even though it be true, which we do not now decide, that in the contempt proceeding the present ability of the respondent to comply must be proved beyond reasonable doubt, the order is not a nullity, nor need the trustee begin again ab ovo. As we have said, the order makes a prima facie case, and in the summary proceeding itself there is no objection to the added finding that the case has or has not been proved beyond a reasonable doubt. That finding, once passed upon by the District Court, while not strictly res judicata (Johnson v. Goldstein, 11 F. [2d] 702 [C. C. A. 6]), would in practice generally conclude the controversy, at least if the contempt proceeding were before the same judge. Any supposed inconveniences of having two rules of proof might, we think, be reduced to small compass by such procedural means. Moreover, the advantages, real or fancied, of making one bite to the cherry cannot obscure the fact that the summary proceeding is civil, and should be controlled by the usual rules governing civil causes.

Petition to revise dismissed; cause remanded, with instructions to proceed in conformity with the foregoing opinion.