## In re J. H. SMALL SHOE CO.

### Petition of POTTER.

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

### No. 100.

**1. Bankruptcy ⬸288(1)—Order discharging rule against officer of bankrupt in contempt for failure to obey pay-over order held erroneous.**

In contempt proceedings to punish officer of bankrupt for failure to obey pay-over order, where answer alleged that respondent, "to the extent of his means, offered an adjustment of trustee's claim, but that trustee has refused to accept said offer," *held*, order discharging rule on ground that respondent had no financial means or ability to comply with the order was erroneous; trustee being entitled to sum tendered in settlement, whether settlement was accepted or not.

**2. Bankruptcy ⬸303(3)—Summary order to surrender or pay makes prima facie case in contempt proceedings for noncompliance.**

In contempt proceedings to punish for failure to obey pay-over order, the summary order to surrender or pay makes out a prima facie case.

**3. Bankruptcy ⬸288(1)—Denial of ability to comply with pay-over order is insufficient answer to contempt rule.**

In contempt proceedings to punish for failure to obey pay-over order, denial that respondent can comply with the order is an insufficient answer to prima facie case made out by the summary order alone, regardless of whether or not proof beyond a reasonable doubt is required.

**4. Bankruptcy ⬸288(1)—Court should preserve substance of testimony and exhibits in contempt proceedings for noncompliance with pay-over order.**

In contempt proceedings for failure to comply with pay-over order, District Court should preserve and return the substance of the testimony and exhibits.

Petition to Revise Order of the District Court of the United States for the District of Connecticut.

In the matter of the bankruptcy of the J. H. Small Shoe Company. Petition by Mary G. Potter, trustee, to revise an order of the District Court discharging a rule nisi in proceedings to punish J. H. Small for contempt in failing to obey pay-over order. Order reversed, and cause remanded for further proceedings.

For opinion below, see 13 F.(2d) 143.

Petition to revise an order of the District Court for the District of Connecticut denying the trustee's motion to commit the respondent for disobedience of an order directing him to pay her $10,000.

Small, the respondent in the District Court and here, was the president of the bankrupt, which did business in New York. In the course of the bankruptcy proceedings in the Southern district of New York the trustee obtained from the referee an order directing Small to pay to her $20,000, moneys found to belong to the bankrupt, and then remaining in his hands. Small filed a petition to review this order in the District Court for the Southern district of New York, which reduced the amount to $10,000 and affirmed the order. On February 19, 1924, not being able to catch Small in New York, the trustee brought a similar proceeding in the District Court of Connecticut, which on August 29, 1924, for a second time directed him to pay her $10,000. A petition to revise this order was filed in this court, which affirmed it. 5 F.(2d) 956. An order entered upon the mandate in the District Court of Connecticut on March 24, 1925. Thereupon the Connecticut court issued a rule nisi on June 3, 1925, against Small, to punish him for contempt in failing to obey this order. The present petition is to revise an order entered on May 17, 1926, discharging this rule.

The petition on which the rule nisi was granted alleged only that Small had disregarded the order on mandate. On the return day Small filed an answer, denying that he willfully neglected to obey the order, and alleged that he was not able to do so for lack of means, except as he had already offered the trustee an "adjustment," which the trustee had refused. The order discharging the rule found that Small had no financial means or ability to comply with the order, and that therefore he did not willfully disobey it. The record contains nothing else but an opinion of the court, from which it appeared that Small was in court on the return day, that he was sworn in support of his answer, and that he said that he had no money or assets and earned only $50 a week.

William Lesser and Benjamin Lesser, both of New York City, for petitioner.

Slade, Slade & Slade, of New York City (Benjamin Slade, of New York City, of counsel), for respondent.

Before HOUGH, HAND, and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] Assuming, though not deciding, that we may not look to the opinion as a summary of the evidence taken before the District Court, we have nothing before us except the petition, the answer, and the order.

The sole question is whether, on these, some error of law appears.

We think that there does. The answer alleges in præsenti that the respondent does, "to the extent of his means, offer an adjustment of the trustee's claim, but the trustee has refused to accept said offer." The record being bare of anything but the pleadings, we are to decide whether the sum so admitted to be within the respondent's control was part of the fund with which he was charged in the order, or whether it was subsequently acquired. We think that, as the summary order, when entered, established prima facie the possession of the fund, any sum tendered in settlement must, until the contrary be shown, be also deemed part of that fund. To so much the trustee was in any case entitled, whether she refused the settlement or not. In the absence of any explanation, the order should at least have directed the payment of that amount. In any event, the answer contradicts the finding of the order here on appeal that the respondent was without ability to comply pro tanto. It may be, if the evidence was before us, that this difficulty would be resolved; but it is not. If we are not to look at the opinion, which would show error, if we did, the trustee is entitled to hold the respondent strictly to the pleadings.

[2, 3] As the case must go back, we think it proper to correct certain apparent misunderstandings on the part of the District Court. We held in Re Stavrahn, 174 F. 330, 98 C. C. A. 202, 20 Ann. Cas. 888, that upon contempt proceedings the summary order to surrender or pay made out a prima facie case. In Re Weber, 200 F. 404, 118 C. C. A. 556, we not only repeated this, but went further. We said that the respondent did not answer the prima facie case so made out by a bare denial that he could then comply with the order. At best, he has only two courses open to him: First, he may accept the order as correct when made, in which case he must show that he has, since its entry, disposed of the money then found to be in his hands or within his control. Whether the trustee still has the burden of proof we need not now say, but the duty of going forward is upon the respondent, and he can fulfill it only by accounting circumstantially for his disposition of the property.

His other possible course depends upon the assumption that the measure of proof in contempt proceedings is criminal; i. e., beyond a reasonable doubt, a question on which we do not now pass. If so, he may argue that he was not shown beyond a reasonable doubt to have had possession of the property when the summary order was entered. This he cannot do without putting in evidence in the contempt proceedings the record in the summary proceedings, together with any other evidence not merely cumulative. If the criminal rule applies, the trustee would then have to satisfy the court beyond a reasonable doubt that the respondent had possession of the property at the time when the summary order was entered. In no event will it serve for the respondent to rest upon his oath that at the moment he is without means. Were it so, the whole summary proceedings would be the solemn fatuity, which they have been in this case up to the present time.

[4] We disapprove of the practice here adopted of keeping no record of the evidence taken upon such a hearing, and the District Court is requested in all cases to preserve and return the substance of the testimony and exhibits. Finally, we cannot avoid noticing the fact that, in a case where dispatch was especially important, and where the respondent had already successfully evaded justice for 2 years, over 10 months was allowed to elapse between the hearing and the determination.

Order reversed, and cause remanded for further proceedings in accordance with the foregoing opinion.