**WALNUT CREEK MILLING CO. et al. v. GRAIN PRODUCTS CO. et al.**

**In re GRAIN PRODUCTS CO.**

District Court, E. D. Louisiana. December 14, 1926.

No. 3038.

**1. Bankruptcy ⊨136(12)—Bankrupt cannot be imprisoned on refusal to comply with order to turn over assets until rule for contempt has actually been filed and proved beyond reasonable doubt.**

While proceedings for contempt on refusal or failure of a bankrupt to comply with an order to turn over assets when able might be followed by imprisonment, this could not happen until a rule for contempt has actually been filed and proved beyond reasonable doubt.

**2. Bankruptcy ⊨136(10)—Under referee's findings, turn-over order to bankrupts, where bankrupts denied they had any funds, could not be set aside.**

Under findings of fact that bankrupts, engaged in flour brokerage business, failed utterly to account for shortage of proceeds of their business, and especially one item withdrawn from banks, amounting to nearly $10,000, whereas they surrendered but $2.44, and other facts, referee's order directing bankrupts to turn over to trustee $28,808.92, was proper, and could not be set aside.

**3. Bankruptcy ⊨136(10)—Report of referee, who heard witnesses, should be given great weight in considering his findings of fact.**

Report of referee, who heard witnesses, should be given great weight, when his findings of fact are being considered.

**4. Bankruptcy ⊨136(4)—It should be presumed that bankrupt will turn over to trustee property in his possession or control on order to that effect being made.**

Since bankrupt holds his property in trust to preserve it, and turns it over to his trustee, it should be presumed that he will do so, if such property or assets are in his possession or control, on an order to that effect being made.

**5. Bankruptcy ⊨136(10)—Adjudication that bankrupt retained assets is final when made, but is not conclusive against him in contempt proceeding, if any should follow.**

Decision or adjudication that bankrupt did retain assets is final when made, but is not conclusive against him in any contempt proceeding looking for imprisonment, if any should follow.

**6. Bankruptcy ⊨136(6)—Adjudication that bankrupt retained assets may be established by preponderance of evidence.**

Adjudication or decision that bankrupt retained assets may be established by preponderance of evidence.

In Bankruptcy. Proceeding by the Walnut Creek Milling Company and another against the Grain Products Company, a bankrupt, and others. The referee made an order requiring bankrupt to deliver assets to the trustee and the bankrupt petitions for review. Affirmed.

Denegre, Leovy & Chaffe and Harry McCall, all of New Orleans, La., for plaintiffs.

Dart & Dart and L. L. Dubourg, all of New Orleans, La., for bankrupt.

BURNS, District Judge. A petition for review is filed on behalf of the bankrupt complaining of an order of the referee dated May 25, 1926, directing them to turn over to the trustee $28,800.92, making a rule taken by the trustee absolute.

The order is preceded by findings of fact, carefully prepared by the referee, who saw and heard the witnesses and examined the documentary proofs. These are substantially to the effect that the bankrupts, Carl L. and Cash J. Morrison, composing the partnership styled Grain Products Company, had engaged in a flour brokerage business in New Orleans prior to the involuntary proceedings against them; that they were men of intelligence and ability; that their books were poorly kept; that they had previously been bankrupt in Oklahoma under similar circumstances; that they failed utterly to account for or explain the shortage of proceeds of their business, and more especially of certain large sums of money which came into their hands and were withdrawn from the banks, one item of which amounted to nearly $10,000, whereas they surrendered but $2.44; that they contemporaneously carried large sums, amounting to several thousands of dollars on their persons, reflected by no entries in the books; and, finally, that upon careful analysis of the evidence, including reports by expert auditors and accountants, the referee found as a fact that they had or should have had some $28,800.92 in their possession or control. His order was made accordingly.

The respondents denied that they had any funds whatever, and so testified upon hearing. They insisted that they had made a full and complete disclosure and surrender of all assets that were actually in their possession or control, and that the audit of the incomplete and badly kept records, though correctly made, would not suffice to prove the correctness of the result arrived at by the auditors; that the referee had erroneously accepted the auditor's reports as establishing that the amount was actually in their custody and control.

I find from the record, however, that there was much parol evidence heard by the referee, which he considered cumulatively with the auditor's report, and I accept his

finding of fact. The bankrupts' petition and their contention seem to proceed on the theory that the proceedings by the rule to turn over contemplate an imprisonment for debt. They cite In re Redbord (C. C. A. 2d Cir.) 3 F.(2d) 793, Boyd v. Glucklich (C. C. A.) 116 F. 131, Samel v. Dodd (C. C. A.) 142 F. 73, and In re Sax (D. C.) 141 F. 223.

[1] It is true that proceedings for contempt upon the refusal or failure of a bankrupt to comply with an order to turn over when able might be followed by imprisonment, but this could not happen until a rule for contempt had actually been filed and proven beyond reasonable doubt. These bankrupts, if they are concealing any assets, may make surrender upon being confronted with a denial of a discharge, or with prosecution for a concealment of assets.

[2] The authorities cited by the trustee persuade me that it would be highly improper, when the findings of fact by the referee are approved, to set the referee's order aside. In the Matter of Plaza Shoe Co., Bankrupt (C. C. A. 2d Cir.) 8 Am. Bankr. Rep. (N. S.) 686, 15 F.(2d) 278, that court adopted the doctrine in Free v. Shapiro (C. C. A. 4th Cir.) 5 Am. Bankr. Rep. (N. S.) 728, 5 F.(2d) 578. See, also, In re Silverman (D. C.) 206 F. 960; Seigel v. Cartel (C. C. A. 8th Cir.) 21 Am. Bankr. Rep. 140, 164 F. 691; In re Pennell (C. C. A. 3d Cir.) 32 Am. Bankr. Rep. 241, 214 F. 337; In re Edelman (D. C. Md.) 42 Am. Bankr. Rep. 229, 251 F. 429; and In re Katz (D. C. N. J.) 32 Am. Bankr. Rep. 422, 216 F. 949.

[3-6] I am persuaded that the weight of authority supports the view that the report of the referee, who heard the witnesses, should be given great weight, when his findings of fact are being considered; that, since the bankrupt holds his property in trust to preserve it and turns it over to his trustee, it should be presumed that he will do so, if such property or assets are in his possession or control, upon an order to that effect being made; that the decision or adjudication that he did retain assets is final when made, but is not conclusive against him in any contempt proceeding looking to his imprisonment, if any should follow; that such an adjudication or decision that he did retain assets may be established by a preponderance of evidence; whereas proof beyond reasonable doubt would be required to sustain a criminal charge of concealment of assets or a proceeding for contempt of a quasi criminal character.

Accordingly the petition of the bankrupts for review will be dismissed, and the order of the referee affirmed.