### In re J. H. JACKSON CO., Inc.

District Court, S. D. New York. December 17, 1926.

**1. Bankruptcy �köäó238—Order directing bankrupt's president to produce books is prima facie evidence of bankrupt's possession on motion to punish for contempt.**

Order directing president of bankrupt corporation to produce books is at least prima facie evidence of bankrupt's possession thereof, on motion to punish for contempt in failing to comply with order.

**2. Bankruptcy �köäó238—Affidavits answering motion to punish for contempt in failing to produce books, incorporating only affidavits previously held unworthy of belief, presented no defense.**

Affidavits answering motion to punish bankrupt corporation's president for failure to produce books incorporating affidavits, made in opposition to application for order, which affidavits had been held unworthy of belief, but setting forth no other allegations of fact, *held* to present no defense.

In Bankruptcy. In the matter of the J. H. Jackson Company, Inc., bankrupt. On motion to punish bankrupt's president for contempt in failing to comply with order to produce books. Motion granted.

See, also, 15 F.(2d) 603, 614.

A. Palmer and Lewis Wiener, both of New York City, for petitioner.

Lesser Brothers and Benjamin Lesser, all of New York City, for trustee.

McManus, Ernst & Ernst and Walter E. Ernst, all of New York City, for bankrupt Jackson.

Robert P. Levis and Lesser Brothers, all of New York City, for receiver.

BONDY, District Judge. This is a motion to punish for contempt bankrupt's president, who has failed to comply with an order directing him to deliver books to the receiver of his estate. In opposition to the application for that order he stated in affidavits that, through forgetfulness, the books were left by him in a cab and lost. The order states that the facts set forth in the affidavit were untrue and unworthy of belief, and that the books were in possession and under his control.

The order was affirmed on appeal ([C. C. A.] 15 F.[2d] 614), the court stating in its opinion that the matter set forth in his affidavit was obviously false, in the sense of being wholly unworthy of belief, and that it formally introduced a defense, but the defense was sham; that is, one which is palpably false.

In opposition to this motion to punish him, the respondent interposes an affidavit. It does not state that there has been any change in the possession of the books since the granting of the original order. It states only inability to comply with the order by reason of the facts set forth in the affidavit in opposition to the original order, which affidavit he incorporates in this proceeding. [1, 2] The order directing him to produce the books is at least prima facie evidence of bankrupt's possession of the books. The answering affidavits set forth no allegations of fact other than such as were adjudged to be untrue and unworthy of belief and sham. The answering affidavits, therefore, present no issue to be tried. The motion, therefore, must be granted to enforce compliance with the order. See In re Frankel (D. C.) 184 F. 539; U. S. v. Moore (C. C. A.) 294 F. 852; In re Stavrahn (C. C. A.) 174 F. 330, 20 Ann. Cas. 888; In re Weber (C. C. A.) 200 F. 404; In re Plaza Shoe Co. (C. C. A.) 15 F.(2d) 278, and In re J. H. Small Shoe Co. (C. C. A.) 16 F.(2d) 205, decided December, 1926.