**REARDON v. PENSONEAU (two cases).**

(Circuit Court of Appeals, Eighth Circuit. March 18, 1927.)

Nos. 304, Original, and 7665.

1. Bankruptcy ⟨=⟩136(12)—Burden is on bankrupt, failing to obey turn-over order of referee, confirmed by court, to show what became of money.

Where referee's finding that bankrupt had in his possession a certain sum belonging to bankrupt estate, and ordering him to turn it over to trustee, was confirmed by court, burden was on bankrupt to show that he had lost possession of money under conditions which he could not prevent, to avoid being adjudged in contempt for failing to obey order; presumption being that he still has money.

2. Bankruptcy ⟨=⟩136(10)—Trustee's objections to testimony that bankrupt did not have money when turn-over order was made should have been sustained.

Where referee's finding that bankrupt had in his possession money belonging to bankrupt estate, and ordering him to turn it over to trustee, was confirmed by court, *held* that, on hearing on citation of bankrupt for contempt for failing to obey order, trustee's objections to bankrupt's testimony that he did not have money when order was made, and to his introduction in evidence of transcript of all the evidence before referee, should have been sustained.

3. Bankruptcy ⟨=⟩136(12)—Bankrupt's mere denial under oath did not overthrow presumption that he still has money ordered to be turned over to trustee.

Where referee's finding that bankrupt had possession of money belonging to bankrupt estate, and ordering him to turn it over to bankruptcy trustee, was confirmed by court, *held* that, on citation of bankrupt for contempt for failing to obey order, bankrupt's mere denial under oath that he had the money did not overcome presumption that he still has it.

Petition to Revise Order and Appeal from the District Court of the United States for the Eastern District of Missouri.

In the matter of August Pensoneau, bankrupt. Joseph M. Reardon, as trustee in bankruptcy, petitions to revise and appeals from an order of the District Court discharging bankrupt, in proceedings to punish him for contempt for failing to obey order directing him to turn over to trustee money belonging to estate. Appeal dismissed. Reversed, with directions.

Edward W. Tobin and Richard O. Rumer, both of St. Louis, Mo., for petitioner and appellant.

Paul A. Richards, of St. Louis, Mo., for respondent and appellee.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

LEWIS, Circuit Judge. The case is properly here on petition to revise, as will be seen, and the appeal is dismissed.

Pensoneau was adjudged bankrupt January 28, 1926, on his petition. He gave his occupation as "Fruit and Produce" and carried on a retail business of selling fruits and vegetables at 1213 North Third St., St. Louis, until he quit early in November, 1925. On March 1, 1926, Reardon, as trustee for the bankrupt estate filed his petition with the referee charging that the bankrupt had in his possession and control $8,000 as the proceeds from the sale of his stock of fruits, produce and vegetables, that said sum was assets of the bankrupt estate, and prayed for an order on Pensoneau that he deliver the money to the trustee. A hearing was had by the referee before whom the bankrupt appeared and testified, and was represented by counsel. Having heard the testimony the referee found "that between October 19, 1925, and October 28, 1925, the bankrupt had purchased from fourteen (14) different concerns, now his creditors, goods, wares and merchandise, consisting of apples, potatoes, grapes, cabbages, celery and onions of the total value of or in the total sum of $7,577.68," that the bankrupt admitted he received in cash for his stock between October 19th and 28th about $8,000. He accounted for $50 cash in his schedule, which was all the trustee had received. He claimed that he had lost the money in gambling. The referee after a full review of the testimony found that bankrupt then had in his possession and under his control $6,900 and entered an order that he turn that sum over to the trustee as assets of the bankrupt estate. [1] By petition the bankrupt caused the action of the referee to be certified to the Bankruptcy Court for review where the action of the referee was after hearing fully confirmed in all respects, and an order was entered by the court on June 7, 1926, that Pensoneau within ten days from that date turn over to Reardon, trustee, $6,900 in money. Pensoneau failed to comply with the order, and was cited to show cause, if any he had, why he should not be punished for contempt. He came in and the court discharged him by an order of date September 13, 1926, on the ground, as therein appears: "The court doth further find that such petitioner for commitment in contempt, Joseph M. Reardon, Trustee in Bankruptcy, has failed to establish that respondent, August Pensoneau bankrupt herein, is at this time financially able to comply with said order of June 7, 1926, and deliver to his said Trustee in Bankruptcy such concealed assets in the sum of Sixty-Nine Hundred Dollars ($6,900); It is therefore by reason of the finding as last aforesaid, ordered and adjudged that the said petition of Joseph M. Reardon, Trustee in Bankruptcy herein, for the commitment in contempt of said bankrupt, August Pensoneau for failure to comply with such order of the court be, and such petition is hereby denied, and that said bankrupt be, and he is hereby, discharged in and under such contempt proceedings."

It will be observed that the court put the burden on the trustee, not on the bankrupt. This is the error in law of which complaint is made, and we think it well taken. The order of the referee and that of the court on June 7th each found that Pensoneau had the money in his possession or under his control when the referee's order was made in April. In the circumstances the trustee could not be expected to know what had happened since the orders were made. Pensoneau, of course knew what he had done with the $6,900. The burden was on him; and if he could not convince the court that he had lost possession and control under circumstances which he could not prevent, he should have been held in contempt. On the facts it was twice adjudged that he had the $6,900 on a named date, and on that date the referee ordered him to turn it over to the trustee. Those were not perfunctory orders. No steps have been taken to vacate them, and we know of no reason to ignore them as not valid and binding. They establish the bankrupt's possession and control on the day the referee's order was made. The burden was on him to show what disposition had been made of the $6,900. Until that showing is made relieving him of an intentional loss of its possession and control, it must be presumed that he still has it. Remington on Bankruptcy, 3d Ed., Sec. 2428; In re Stavrahn (C. C. A.) 174 F. 330, 20 Ann. Cas. 888; In re Weber Co. (C. C. A.) 200 F. 404; Power v. Fuhrman (C. C. A.) 220 F. 787; In re Meier (C. C. A.) 182 F. 799; Good v. Kane (C. C. A.) 211 F. 956. The two cases last cited brought under consideration the question of proof in support of

a turn-over order. They did not involve the issue we have here, but they are in point on the presumption that possession continues in one shown to have recently held personal chattels until he removes that presumption, and the burden is on him to do so; and that a bankrupt cannot escape an order for the surrender of property belonging to his estate "by simply denying under oath that he has it." See, also, In re Graning (C. C. A.) 229 F. 370, Ann. Cas. 1917B, 1094.

[2] When the bankrupt came in on the citation for contempt a hearing was had. The trustee introduced the referee's order of April 21, 1926, which directed the bankrupt to deliver the $6,900 to the trustee; also the court's order affirming the referee's order, and the trustee then testified that none of the money had been delivered to him.

[3] Thereupon the bankrupt testified that he did not then have the $6,900 and did not have it when the referee's order was made. Objection and exception were taken to the last statement. Over objection and exception of the trustee bankrupt was permitted to offer transcript of all evidence introduced before the referee on which the turn-over order was made. From what has been said it follows that these objections should have been sustained. The bankrupt was presumed to still have the $6,900, found by the court to be in his possession or control on April 21st preceding. His mere denial under oath did not overthrow the presumption. On the case as it stood he should have been held in contempt and punished. An order may be here entered directing the Bankruptcy Court to set aside the order of September 13, 1926, discharging the bankrupt, and to take such further action against the bankrupt on the citation for contempt as to the court may seem meet and proper and in accord with the principles above stated.