### In re M. & M. MFG. CO., Inc.
### No. 462.

Circuit Court of Appeals, Second Circuit.
June 4, 1934.

Meyer Marlow, of New York City (George Robert Cohen, of New York City, on the brief), for appellants.

Maxwell S. Mattuck, of New York City, for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

M. & M. Manufacturing Company, Inc., a New York corporation, was adjudicated bankrupt upon an involuntary petition filed on April 21, 1932. Timothy P. Edwards, the appellee, was elected its trustee in bankruptcy, and thereafter filed with the referee two petitions, identical in form, directed, respectively, to the bankrupt and its president, to require the turning over of certain books of account alleged to be concealed from the trustee. Both petitions were consolidated into one proceeding. They were dismissed by the referee upon the ground that the trustee's proof was not sufficiently clear and convincing. Upon review by the District Court the order of the referee was reversed, and the appellants were directed to turn over three specified books. From this order they have appealed.

■ It is urged that the petitions are insufficient in failing to allege possession of the books by either of the respondents; the allegations being merely that the books are missing and are concealed from the petitioner by the respective respondents. This is doubtless a defect in pleading. See In re Brockton Ideal Shoe Co., 202 F. 199 (C. C. A. 2). But no objection was raised to the pleading until the petitioner's case was closed, and the defect is of no moment after trial if the evidence of possession is sufficient. See 28 USCA § 777.

■ There is substantially no dispute in the testimony as to the facts. About a month prior to the petition in bankruptcy, the corporation made an assignment for the benefit of creditors, and immediately thereafter accountants for the assignee, who subsequently became accountants for the trustee in bankruptcy, went to the assignor's premises to make an audit of its books and records. It at once developed that various books and records needed for the audit were missing and could not be located by the assignor's employees. No explanation whatever was then advanced, or has since been given, as to how or when the particular books specified in the order appealed from disappeared. The testimony shows that they were on the premises and used by the corporation's auditor and bookkeeper shortly before the date of the assignment of March 29, 1932. When property is traced into a bankrupt's possession shortly before bankruptcy, his failure to produce it or to explain what became of it, supports an inference that it is still subject to his control, and justifies the entry of a turnover order. In re Graning, 229 F. 370, Ann. Cas. 1917B, 1094 (C. C. A. 2); In re Magen Co., 10 F.(2d) 91 (C. C. A. 2); In re Cohan, 41 F.(2d) 632 (C. C. A. 3); Reardon v. Pensoneau, 18 F.(2d) 244 (C. C. A. 8). Our recent decision of In re Gordon & Gelberg, 69 F.(2d) 81, does not conflict with these authorities. There an explanation of the disappearance of the books was given.

■ As to the appellant Milberg, he had, as president of the corporation, access to the books, and it appears that he alone could have had a motive for concealing them. The three books in question were necessary to enable the auditors to check a financial statement which the bankrupt corporation issued on July 31, 1931, and which was under scrutiny by the creditors. The evidence shows that the bankrupt's accountant had refused to certify the statement because he had not been allowed access to the sales record for the purpose of verifying the accounts receivable. Milberg had then issued the statement over his own signature without the accountant's certificate. He admits that in the preparation of this statement certain accounts payable relating to merchandise on hand were omitted; but he explains that this merchandise had been prematurely delivered and so he had excluded from the statement both the merchandise and invoices covering it. Additional facts which would furnish a motive

for Milberg to withhold the books in question are not lacking, but the admitted inaccuracy of the statement is the one most strongly relied upon by the trustee. It is worthy of note that only such books are missing as might throw light on the actual condition of the bankrupt's business at the date of this financial statement. This evidence was sufficient to establish a prima facie case, and Milberg's bald denial that he has not the books and does not know where they are was not enough to overcome it. See In re Weber Co., 200 F. 404, 406 (C. C. A. 2); In re Magen Co., 10 F.(2d) 91 (C. C. A. 2); Hirsch v. Schilling, 28 F.(2d) 171 (C. C. A. 3).

It is further urged that the District Court erred in overruling the referee's finding that the evidence was too inconclusive to grant the petitioner relief. It is true that, when the trier of facts makes a decision upon conflicting testimony involving the credibility of witnesses, his findings should be upset only in exceptional circumstances. In re Slocum, 22 F.(2d) 282 (C. C. A. 2). But where his ultimate findings are based upon inferences drawn from substantially undisputed facts, they need not be accorded so conclusive an effect by the reviewing tribunal. Walter v. Atha, 262 F. 75, 77 (C. C. A. 3); Sternburg v. M. Cohen & Co., 254 F. 1, 4 (C. C. A. 1); Baumhauer v. Austin, 186 F. 260, 265 (C. C. A. 5); Ohio Valley Bank v. Mack, 163 F. 155, 158, 24 L. R. A. (N. S.) 184 (C. C. A. 6). Cf. In re Redbord, 3 F.(2d) 793 (C. C. A. 2); In re Schlesinger, 102 F. 117 (C. C. A. 2). Upon the record in the case at bar we think the District Court correctly reversed the referee's conclusion.

The order is affirmed.